**In the Matter of the ESTATE of Lillie J. GRIFFIN, now Shepherd, Deceased.**

**Robert Wayne SHEPHERD, Appellant,**

v.

**Robert L. WOOD, Jr., and Wanda Moss, Co-Executors of the Estate of Lillie J. Griffin, now Shepherd, Deceased, Appellees.**

**No. 50400.**

Supreme Court of Oklahoma.

July 3, 1979.

Rehearing Denied Aug. 14, 1979.

without having changed her Will. Appellant met with the executors named in the Will eight days after Lillie's death. The executors informed appellant that he might renounce the Will and take half the estate. To this he replied that he wanted the estate to descend in accordance with the desires of his late wife, Lillie.

Consequently, he executed the following instrument:

### "RELINQUISHMENT AND ASSIGNMENT

*The undersigned being the surviving spouse of Lillie J. Griffin, now Shepherd, deceased, having seen the Last Will and Testament of said deceased and being fully advised and fully understands (sic) the provisions of said Will and his rights at law in the event of his refusal to take under said Will does hereby relinquish any right to take a portion of said estate either by said Will or by law and for valuable consideration, the receipt of which is hereby acknowledged, the undersigned hereby grants, sells, conveys, and assigns all my (sic) right, title and interest in and to all property, both real and personal, and any other assets of whatsoever nature belonging to the said Lillie J. Griffin, now Shepherd to which I (sic) might have a claim, to the nieces and nephews of the said decedent named in the aforementioned Will and I hereby release the Co-Executors of said estate from any and all further liability and specifically authorize that my interest in said estate, if any, be transferred and set aside to the nieces and nephews named in the aforementioned Will. The undersigned further acknowledges that the value of the estate has been disclosed to him and his rights fully explained.*

*DATED this 17th day of February, 1975.*

*(subscription)*

---

*ROBERT WAYNE SHEPHERD"*

Appellant changed his mind and on August 28, 1975, he filed an election requesting the court to allow him to inherit from Lillie's estate and to set aside the relin-

James A. Clark, Mordy, Clark & Hester, Ardmore, for appellant.

Reed, Hurst & McNeil, Sulphur, for appellees.

SIMMS, Justice:

Lillie Griffin executed a Will in March, 1971, by the terms of which she was to leave her entire estate to her husband, Stanley Griffin and to certain nieces and nephews. Stanley predeceased Lillie and she thereafter married Robert Shepherd, the appellant, on October 1, 1974. Lillie Griffin-Shepherd died four months later

quishment. The above described "relinquishment" was not filed until September 3, 1975, or approximately 7 months after Lillie's death.

Following trial, the court below found that appellant made an absolute and irrevocable gift of his interest in Lillie's estate in favor of the nieces and nephews named as beneficiaries in the Will. Appeal was timely taken and the Court of Appeals affirmed the ruling of the trial court.

Certiorari was sought in this Court. Certiorari Granted. Court of Appeals Opinion Vacated. Judgment of the Trial Court Reversed and the cause Remanded with Directions.

The elements which must be present to establish a valid gift *inter vivos* are set forth in Syllabus No. 4 of *Davis v. National Bank of Tulsa*, Okl., 353 P.2d 482 (1960):

"The general rule is that to constitute a valid gift *inter vivos* there must be a donor competent to make it; freedom of will on his part; an intention of his part to make it; a donee capable of taking the gift; the property must be delivered by the donor and accepted by the donee; the gift must go into immediate and absolute effect; the gift must be gratuitous; and the gift must be irrevocable."

■ To sustain the existence of a valid gift *inter vivos*, the party asserting it must go beyond a mere preponderance of the evidence and present clear and convincing evidence in support of every element. *Lucia v. Schafer*, 109 Okl. 167, 233 P. 444 (1925); *Harvey v. Pribil*, Okl., 259 P.2d 523 (1953).

■ Though we are reluctant to disturb the findings of fact made by the trial court, we are unable to find any evidence in the record that the alleged gift was intended to be gratuitous. The document executed by appellant expressly stated that it was given for consideration.

Apparently, the first theory relied upon by appellees was precisely that the document was in fact given for valuable consideration and the gift theory seems to have been advanced as an afterthought. Appel-

lees' failure to offer explanation concerning the reference in the "relinquishment" to consideration compels us to the conclusion that the instrument is evidence of a "bargain and sale" and is therefore not gratuitous, notwithstanding the fact that whatever consideration the parties contemplated remains unpaid. There was no clear and convincing proof to support the proposition that the instrument in question is evidence of a gift.

Having rejected the "gift" theory, we turn to the more difficult question of whether appellant bound himself in such a way as to foreclose his subsequent election to take under the laws of succession.

All parties appear content to treat the document as a statutory disclaimer. According to 84 O.S.Supp.1973, § 22(3):

" 'Disclaimer' means a written instrument which declines, refuses, releases, renounces or disclaims an interest which would otherwise be succeeded to by a beneficiary, which instrument defines the nature and extent of the interest disclaimed thereby and which must be signed, witnessed and acknowledged by the disclaimant in the manner provided for deeds of real estate."

Since we are not called upon to decide whether the document in question comports with the statutory definition, we set aside our misgivings in this regard and assume without deciding, that we are dealing with a statutory disclaimer, as have the parties to this appeal.

The "Disclaimer" statute further provides at 84 O.S.Supp.1973, § 29:

"This Act shall not abridge the right of any person, apart from this Act, under any existing or future statute or rule of law, to disclaim any interest or to assign, convey, release, renounce or otherwise dispose of any interest."

We must assume that the parties are aware of all their statutory and common-law rights and are content to permit this Court to decide the issues in this case solely on the authority of the "Disclaimer" statutes. We therefore neither discuss nor con-

sider any other statute or rule of law which might be dispositive of this case.

Under the provisions of 84 O.S.Supp.1973, § 24:

"Such disclaimer shall be filed at any time after the creation of the interest, but in all events within six (6) months after the death of the person by whom the interest was created or from whom it would have been received, or, if the disclaimant is not finally ascertained as a beneficiary or his interest has not become indefeasibly fixed both in quality and quantity as of the death of such person, then such disclaimers shall be filed not later than six (6) months after the event which would cause him to become finally ascertained and his interest to become indefeasibly fixed both in quality and quantity."

The statute is mandatory and compels us to consider two questions: (1) Was the disclaimer timely filed, 7 months having elapsed?; (2) If the disclaimer was not timely filed was it nevertheless effective upon filing? We conclude that the answer to each of these questions is in the negative.

■ Appellant argues that the time for filing the statutory disclaimer expired six months following Lillie's death. Appellee advances the theory, however, that appellant's interest did not become indefeasibly fixed and the six months filing period has not commenced. Appellee insists that any beneficiary with the option of taking either by the terms of a Will or by the laws of intestate succession would be unable to disclaim prior to final distribution since either election could be revoked or rescinded at any time prior to final distribution. Such an interpretation of the term "indefeasibly fixed" would lend to results contrary to the purpose of the statute and contrary to decisions of this Court and Courts of other jurisdictions.

The statute provides that an interest disclaimed shall descend, be distributed or otherwise be disposed of in the same manner as if the disclaimant had died immediately preceding the death, or other event which causes him to become finally ascertained as a beneficiary and his interest "indefeasibly fixed" both in "quality and quantity." 84 O.S.Supp.1973, § 26.

According to Appellant's theory, his disclaimer, if effective, would permit his interest to descend as if he immediately predeceased his wife. The Appellee's theory defeats their own case because logically applied, their theory would permit the disclaimed interest to descent as if Appellant had died immediately before final distribution, the result being, the disclaimed interest would descend *to the ostensible heirs and ostensible devisee of the disclaimant.* This result is unconvincing in view of the fact that an effective disclaimer prevents the disclaimed interest from ever vesting in the disclaimant. 84 O.S.Supp.1973, § 26.

This Court has expressly stated that a beneficiary taking by the laws of intestate succession is vested with an estate upon the death of the intestate and this estate is indefeasible. *Seal v. Banes,* 168 Okl. 550, 35 P.2d 704 (1934). Our conclusion here is consistent with the position assumed by a number of other courts interpreting similar statutes. *Keinath v. C.I.R.,* 480 F.2d 57 (8th Cir., 1973); and cases cited therein; *Estate of Koplin,* 70 Cal.App.3d 686, 139 Cal.Rptr. 129 (1977) and cases cited therein.

We therefore conclude that for purposes of Oklahoma's disclaimer statute, Appellant's interest became indefeasibly fixed both in quality and quantity and the six month filing period commenced from the date of Lillie's death.[1]

■ The sole issue left to be considered is whether the disclaimer is effective, even though filed out of time. The object of the disclaimer is not solely to provide an alternative method of conveyance. A beneficiary is equally divested whether he parts with his interest by gift or by disclaimer. One of the more important features of dis-

---

1. As of October 1, 1979, the time for filing a disclaimer will be extended to nine months. Okl.Sess.Laws 1979, Ch. 25, § 2.

claimer is the concomitant tax treatment. In enacting the disclaimer statute, the Legislature created a method whereby a beneficiary may prevent the vesting of title and thereby accomplish a conveyance without the necessity of paying a gift tax. *Keinath v. C.I.R.,* supra, (See, 27 Okl.Law Review 62). But, the privilege conferred by the disclaimer statute cannot be enjoyed without satisfying certain conditions.

In order to be effective, the disclaimer must be filed. 84 O.S.Supp.1973, § 25. Even though a spouse has consented to the disclaimer, the spouse is not automatically debarred unless the disclaimer has been *duly filed.*

We think that a fair reading of the statute supports the conclusion that compliance with the filing requirements is a condition precedent to an effective disclaimer, here one was not timely filed.

We note that the appellant did not file of record a formal election to take under the laws of intestate succession until the six month filing period for disclaimers had expired.

We do not hold that appellant was powerless to convey his interest after the expiration of the six month filing period. We simply hold that a statutory disclaimer does not bind the beneficiary nor confer the benefits unless it is filed in accordance with the provisions of the statute.

COURT OF APPEALS OPINION VACATED; JUDGMENT OF THE TRIAL COURT REVERSED; CAUSE REMANDED WITH INSTRUCTIONS TO PROCEED IN ACCORDANCE WITH THE VIEWS EXPRESSED IN THIS OPINION.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, HARGRAVE and OPALA, JJ., concur.