692 P.2d 552 (1984)
In the Matter of the Last Will and Testament of Edna M. CLEM, s/p/a Edna M. Connell, Deceased.
Anthony K. LASLEY, and Shalah Lasley and Tammy Joy Lasley, By and Through their father and next friend, Anthony K. LASLEY, Appellants,
v.
Ulis CLEM, Appellee.
No. 58877.
Supreme Court of Oklahoma.
November 13, 1984.
Rehearing Denied January 8, 1985.
Turner, Turner, Green & Braun, Robert J. Turner and Charles C. Green, Oklahoma City, for appellants.
Henson, Henson & Henson, Karen Henson, Shawnee, for appellee.
*553 DOOLIN, Justice.
Prior to her marriage to Ulis Clem, Edna Connell purchased a one-half undivided interest in his home and furnishings. The couple married a few days later and, after a two-day honeymoon, returned to their home. However, on May 21, 1979, Edna left that home, and two days later Ulis filed for divorce. The divorce petition contained a provision wherein Ulis disclaimed any interest in Edna's separate property. Prior to the granting of the divorce, Edna was fatally injured in an automobile accident on June 13, 1979, and Ulis subsequently filed a formal dismissal of the divorce action.
Anthony, Edna's adopted son, filed his mother's Last Will and Testament in the probate proceedings on August 28, 1979. This document made no provision for Ulis inasmuch as it was executed in 1976, when Edna was married to Virgil Connell. Ulis thereafter timely filed an election to take a "forced heir share" of Edna's estate pursuant to 84 O.S. 1981, § 44. The Lasleys contend that Ulis is now estopped to take under § 44 because of the disclaimer of interest found in his divorce petition.
The trial court allowed the forced heir share and homestead rights against Edna's one-half interest in the marital residence. The Trial Court reached the correct conclusion.
The pivotal question to be answered is whether a disclaimer provision in a divorce petition, which states "that neither party makes any claim to any real or personal property owned by the other," operates to disclaim any interest in property subsequently being probated. We hold that it does not.
*554 In 1973, the Legislature added § 22 to the provisions of Title 84. That section permitted any person entitled to an interest by intestate succession, by devise, by bequest or by other designated transactions to disclaim that interest and to take his statutory allowance. Before such disclaimer took effect, however, certain requirements had to be met. That is, it had to be timely filed pursuant to § 24 and delivered pursuant to § 25. The Lasleys contend that a timely disclaimer was filed by Ulis when he filed his divorce petition prior to Edna's death. They further assert that the disclaimer therein has the effect of estopping Ulis from now asserting any interest in Edna's separate property. These contentions run contrary to statutory and case law and fail for two reasons.
First, § 22 was designated by the Legislature as "An Act relating to wills and successions; providing for disclaimer of interests passing by will, intestate succession or under certain powers of appointment; providing for effect of such disclaimers' and directing codification" [emphasis added]. The very title of the Act applies to probate proceedings only. However, the disclaimer by Ulis was executed as part of a divorce action. It was neither made pursuant to § 22 nor intended to be a § 22 disclaimer. In Matter of Estate of Griffin, 599 P.2d 402 (Okl. 1979), we held that a statutory disclaimer does not bind a beneficiary and does not confer benefits unless it is filed according to the provisions of the statute.
Second, § 29 of the Act acknowledges not only that disclaimers may be filed for purposes other than § 22 but that such disclaimers are not abridged thereby:
"This Act shall not abridge the right of any person, apart from this Act, under existing or future statute or rule of law, to disclaim any interest or to assign, convey, release, renounce or otherwise dispose of any interest." [emphasis added].
Section § 29 is consistent with prior Oklahoma case law which held that a release of interest prior to marriage did not constitute a disclaimer of marital rights attaching at the death of a spouse. In Re Wright's Estate, 268 P.2d 852 (Okl. 1954). This decision was based on the holding in In Re Jones' Estate, 118 Cal. 499, 50 P. 766 (1897), where a separation agreement which contained a provision releasing the parties "from all obligations and liability for the future acts and debts of each other" did not constitute a release of marital rights.
Accordingly, we hold that Ulis was entitled to his forced heir share and homestead rights for the reasons set forth in this opinion.
AFFIRMED.
All Justices concur.