In re Henry and Elaine VAUGHAN,
Debtors.

Robert D. Garrett, Trustee, Plaintiff,

v.

Henry Dean Vaughan, Frances Riddle
Vaughan Family Trust, Marian Col-
leen Surrett, individually and in her
capacity as Trustee of the Frances
Riddle Vaughan Family Trust, and
John Surrett, individually, Defen-
dants.

Bankruptcy No. 99–17361–TS.
Adversary No. 00–1200–TS.

United States Bankruptcy Court,
W.D. Oklahoma.

Feb. 16, 2001.

Michael J. Rose, Michael J. Rose & Associates, Oklahoma City, Oklahoma, for plaintiff.

Susan Manchester, Taylor & Manchester, Oklahoma City, Oklahoma, for trustee.

Gary D. Hammond, Jeffrey E. Tate, Groom Hammond & Harris, Oklahoma City, Oklahoma, for John Surrett.

Brian J. Rayment, Kivell, Rayment, Francis, Coulson & Heath, Tulsa, Oklahoma, for Frances Riddle Vaughan Family Trust and Marian Colleen Surrett.

## ORDER GRANTING TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' JOINT COUNTER–MOTION FOR SUMMARY JUDGMENT

JOHN TeSELLE, Chief Judge.

### Introduction

This case turns on the validity of a disclaimer executed by Debtor/Defendant, Henry Dean Vaughan (hereinafter "Vaughan"), whereby he attempted to disclaim his residual beneficial interest in a trust created by his mother, known as the Frances Riddle Vaughan Family Trust (hereinafter the "Trust"). The disclaimer was executed by Vaughan prior to the time he and his wife filed for bankruptcy protection, and if effective under Oklahoma law, could impact the Trustee's claims herein.

This case originated as a Chapter 13 proceeding filed by Vaughan and his wife, Jessie Elaine Vaughan, on August 17, 1999. The case was converted from Chapter 13 to Chapter 7, and Robert D. Garrett (hereinafter the "Trustee") was appointed as the Chapter 7 trustee in this bankruptcy proceeding on May 2, 2000. The Trustee instituted the captioned adversary proceeding on August 10, 2000 against Vaughan; the Trust; Vaughan's sister, Marian Colleen Surrett (both individually and as trustee of the Trust); and against Marian Colleen Surrett's son, John Surrett. The Trustee filed an amended adversary complaint on September 27, 2000 against these same defendants in which he alleges that Vaughan's purported disclaimer of his interest in the Trust was not done in compliance with Oklahoma law, and that Vaughan therefore retained his beneficial interest in the Trust and it became an asset of Vaughan's bankruptcy estate. The Trustee alleges that Defendants have converted Vaughan's interest in the Trust, and that the transfer of Vaughan's interest in the Trust was fraudulent pursuant to the law of Oklahoma and the Bankruptcy Code, 11 U.S.C. § 548. The Trustee demands an accounting of the assets of the Trust, and the imposition of a constructive trust on those Trust assets that have been distributed to Marian Colleen Surrett or to John Surrett.

Defendants answered the Trustee's amended adversary complaint, denying its material allegations and stating certain affirmative defenses. Thereafter, both the Trustee and Defendants filed motions seeking summary judgment.

The Trustee's motion seeks summary judgment only with respect to the issue of the validity of the disclaimer executed by Vaughan under Oklahoma law. Defendants' counter-motion for summary judgment seeks judgment on all of the Trustee's claims, arguing that the disclaimer is valid. Defendants contend that because the disclaimer is valid, no fraudulent transfer or conversion of estate assets could have occurred as a matter of law, and there is therefore no need for an accounting of the Trust's assets or the imposition of a constructive trust.

The Court has reviewed the Trustee's motion for partial summary judgment against Defendants, Defendants' combined objection to the Trustee's motion and counter-motion for summary judgment against the Trustee, Trustee's objection and response to Defendants' counter-motion for summary judgment, Defendants' reply brief in support of their counter-motion, as well as the statutory and case law applicable to the issues raised, and rules as follows.

### Undisputed Material Facts

The materials submitted by the parties reveal the following undisputed material facts pursuant to Fed.R.Bankr.P. 7056,

which incorporates by reference Fed. R.Civ.P. 56:

1. Plaintiff, Robert D. Garrett, is the duly qualified and acting Chapter 7 bankruptcy trustee in this case.

2. The Trust provides that following the death of Francis Riddle Vaughan, all of the Trust's assets, or $600,000 in value of the trust assets, whichever is smaller, will continue to be held by the trust's trustees in a "Family Trust" for the benefit of Henry Alonzo Vaughan.[1] Upon the death of Henry Alonzo Vaughan, the Trust provides that the remaining income and principal of the Family Trust will be distributed in equal shares, share and share alike, to Marian Colleen Surrett and to Vaughan.

3. Prior to April 1, 1998, Vaughan and his sister, Marian Colleen Surrett were co-trustees and residual beneficiaries of the Trust.

4. Vaughan executed a document on April 1, 1998 stating that he resigned as trustee of the Trust (hereinafter the "Resignation").

5. Vaughan executed a document on April 1, 1998 stating that he disclaimed any and all interest that he may have under the Trust (hereinafter the "Disclaimer"). The Disclaimer is neither witnessed nor acknowledged in the manner provided for deeds of real estate.

6. Vaughan delivered the Resignation and the Disclaimer to Marian Colleen Surrett and to his father, Henry Alonzo Vaughan, sometime in April, 1998.

7. Henry Alonzo Vaughan died on July 5, 1998, triggering the dispositive provisions of the Trust.

8. The Disclaimer has never been filed in any court of the State of Oklahoma.

*Discussion*

Summary judgment is appropriate only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Lujan v. National Wildlife Federation,* 497 U.S. 871, 883–84, 110 S.Ct. 3177, 3186, 111 L.Ed.2d 695 (1990). When considering a motion for summary judgment the Court must view all permissible inferences in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 578–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Summary judgment is appropriate only if, taking the record as a whole, a reasonable jury could not properly return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). It is with these principles in mind that the Court considers the Trustee's motion for partial summary judgment, and Defendants' counter-motion for summary judgment against the Trustee.

As noted in the Introduction to this opinion, this case turns on the validity of the Disclaimer under Oklahoma law. Relying on 60 Okla. Stat. §§ 755–759 (2000), the Trustee argues that the Disclaimer was invalid because the undisputed, material facts demonstrate that it was not prepared and filed in compliance with Oklahoma law. Defendants counter that the Legislature did not intend to eliminate the effectiveness of common law disclaimers, and that compliance with the statutory procedures of Oklahoma's disclaimer statutes was intended primarily to provide a method for avoiding adverse gift tax consequences. Defendants argue that the prep-

---

1. Henry Alonzo Vaughan was the father of Debtor/Defendant, Henry Dean Vaughan.

aration and delivery of the Disclaimer effectively disclaimed Vaughan's interest in the Trust under common law, and that Defendants are therefore entitled to summary judgment on all of the Trustee's claims.

Having reviewed Oklahoma's disclaimer statutes, 60 Okla. Stat. §§ 751–759 (2000), the Court concludes that the Trustee is entitled to partial summary judgment on his claim regarding the invalidity of the Disclaimer, and Defendants' counter-motion for summary judgment should be denied. A plain reading of Oklahoma's disclaimer statutes reveals their applicability to the Disclaimer at issue herein.

■■■ Oklahoma's disclaimer statutes define a "Beneficiary" as "any person entitled, but for his disclaimer, to take an interest, .... as beneficiary of an inter vivos trust ...." 60 Okla. Stat. § 751(1) (2000). Under this definition, Vaughan is clearly a "beneficiary" for the purposes of Oklahoma's disclaimer statutes. An "Interest" capable of being disclaimed is broadly defined to mean and include "the whole of any property, real or personal, legal or equitable, or any fractional part, share or particular portion or specific assets thereof or any estate in any such property ...." *Id.* at § 751(2). Again, Vaughan's beneficial interest in the Trust is clearly covered by the statute. The disclaimer statutes require that a disclaimer be in writing, and that it decline, refuse, release or disclaim an interest which would otherwise be succeeded to by a beneficiary. The disclaimant is required to define the nature and extent of the interest disclaimed, and the disclaimer "must be signed, witnessed and acknowledged by the disclaimant in the manner provided for deeds of real estate." *Id.* at § 751(3).

■■■ It is clear from a plain reading of these statutory provisions that the undisputed facts in this case establish that the Disclaimer does not qualify as a statutory disclaimer under Oklahoma law. Although the Disclaimer is in writing, and is signed by Vaughan, Vaughan's signature on the disclaimer was neither witnessed nor acknowledged in the manner provided for deeds of real estate. Accordingly, Vaughan's attempt to disclaim his interest in the Trust was ineffective as a statutory disclaimer under Oklahoma law because the document through which he attempted to disclaim his interest in the Trust did not comply with Oklahoma law.

Moreover, even if the Disclaimer were properly witnessed and acknowledged, it would still fail to be effective because Vaughan failed to properly file the Disclaimer. Oklahoma's disclaimer statutes provide that a disclaimer "shall be effective upon being filed in any court of the State of Oklahoma having jurisdiction and venue of the matter." *Id.* at § 754. Interpreting an identically worded statute applicable to the disclaimer of an interest passing by will or intestate succession, the Oklahoma Supreme Court stated:

> In order to be effective, the disclaimer must be filed .... Even though a spouse has consented to the disclaimer, the spouse is not automatically debarred unless the disclaimer has been duly filed.

> We think that a fair reading of the statute supports the conclusion that compliance with the filing requirements is a condition precedent to an effective disclaimer, here one was not timely filed.

*In re Griffin*, 599 P.2d 402, 406 (Okla. 1979).[2] Accordingly, the relatively simple act of filing the disclaimer before it is recognized as effective under Oklahoma

**2.** The disclaimer statute at issue in *Griffin* is found at 84 Okla. Stat. § 25 (2000).

law is not merely a meaningless procedural hoop through which a disclaimant is forced to jump. Rather, it triggers the effectiveness of a disclaimer under Oklahoma law, and makes the disclaimer irrevocable.[3]

 Defendants correctly point out that Oklahoma's disclaimer statutes expressly provide that they "shall not abridge the right of any person, apart from this act, under any existing or future statute or rule of law, to disclaim any interest or to assign, convey, release, renounce or otherwise dispose of any interest." 60 Okla. Stat. § 758 (2000). Defendants argue that this provision means that the Disclaimer still qualifies for protection under Oklahoma's disclaimer statutes because the Disclaimer is effective as a matter of common law, even though it did not comply with the requirements of Oklahoma's disclaimer statutes.

The Court does not concur with this reading of the statute. As the Oklahoma Supreme Court notes in *Griffin, supra,* Oklahoma's disclaimer statutes were intended to create a method whereby a beneficiary could prevent the vesting of title in the interest disclaimed, and thereby accomplish a conveyance of the beneficial interest without the necessity of paying a gift tax. *Griffin,* 599 P.2d at 405. The disclaimer statutes accomplish this goal through a legal fiction. Where a valid statutory disclaimer exists, the beneficial interest that would otherwise have been received by the beneficiary is treated in the same manner as if the beneficiary (here Vaughan) had died immediately preceding the death or other event which would have caused the beneficial interest disclaimed to become vested (here the death of Henry Alonzo Vaughan). 60 Okla. Stat. § 755.[4] Oklahoma's disclaimer statutes therefore allow the beneficial interest to pass directly from the trust to whomever is entitled to receive the beneficiary's interest in the event of the beneficiary's death, never having vested in the beneficiary as a matter of law. However, to obtain this benefit, compliance with Oklahoma's disclaimer statutes is *mandatory.* As the Oklahoma Supreme Court stated in *Griffin,* "the privilege conferred by the disclaimer statute cannot be enjoyed without satisfying certain conditions." *Griffin,* 599 P.2d at 405.

The statute cited by Defendants simply provides that Oklahoma's disclaimer statutes do not provide the *exclusive* manner of disclaiming an interest. However, any non-statutory disclaimer must necessarily take place "apart from this act," making clear that failure to comply with the procedures of the act results in the loss of the benefits the disclaimer statutes confer—most notably in this case, the prevention of the vesting of title to his share of the Trust assets in Vaughan. As the Oklahoma Supreme Court has stated, commenting on its holding in *Griffin,* com-

---

3. *See also In re Griffin,* 248 Mont. 472, 812 P.2d 1256 (1991)(holding that filing of disclaimer under Montana law was a condition precedent to an effective renunciation, and holding that disclaimer was void where prior to time disclaimer was filed, surviving spouse executed second instrument canceling, revoking, rescinding and withdrawing the renunciation); *In re Brewington,* 110 Mich.App. 672, 313 N.W.2d 182 (1981)(requiring compliance with statute in order to effectively disclaim).

4. Elsewhere the disclaimer statutes require that a disclaimer be filed at any time after the creation of the interest, but in all events within nine months after the event which would cause the disclaimant to become finally ascertained and his interest to become indefeasibly fixed in both quality and quantity. 60 Okla. Stat. § 753.

pliance with the disclaimer statutes "is mandatory on the party seeking to disclaim. Timely filing is a pre-condition to an effective disclaimer ...." *Chandler v. Denton,* 747 P.2d 938, 944 (Okla.1987). Because Vaughan failed to properly execute and file the Disclaimer, it was not effective as a statutory disclaimer under Oklahoma law, and his share of the Trust's assets vested in him at the time of his father's death. This is true because until such time as it is filed, "a statutory disclaimer does not bind the beneficiary ...." *Griffin,* 599 P.2d at 406.

Defendants' reliance on 60 Okla. Stat. § 755 (2000) to argue that Vaughan's interest in the Trust never vested in him, and therefore could not be the subject of a "transfer" for the purposes of Oklahoma's fraudulent transfer act, 24 Okla. Stat. §§ 112–123 (2000), is entirely misplaced because it assumes the existence of a valid statutory disclaimer under Oklahoma law. Compliance with the statutory procedures to disclaim his interest in the Trust was a pre-condition to Vaughan's receipt of the benefits conferred by Oklahoma's disclaimer statutes. *See Chandler v. Denton,* 747 P.2d 938, 944 (Okla.1987); *In re Clem,* 692 P.2d 552, 554 (Okla.1984).

Moreover, the cases cited by Defendants in support of their position hold no differently. For example, in *Essen v. Gilmore,* 259 Neb. 55, 607 N.W.2d 829 (2000) the Nebraska Supreme Court specifically stated that it was undisputed that the disclaimer at issue met the statutory require-

ments of Nebraska law.[5] Accordingly, the Nebraska court's determination that the disclaimer at issue was not a transfer and therefore could not possibly be a fraudulent transfer under the Uniform Fraudulent Transfer Act turned upon the fact that the disclaimer was done in compliance with Nebraska law. *Essen,* 259 Neb. 55, 607 N.W.2d 829, 833 (2000).

Further, it appears that Defendants were aware of this critical distinction. At page 12 of their brief in support of their counter-motion for summary judgment, and again at page 5 of their reply brief, Defendants cite a passage from *Essen* as follows:

> it is the majority view that a renunciation... is not treated as a fraudulent transfer of assets under the UFTA, and creditors of the person making a renunciation cannot claim any rights to the renounced property in the absence of an express statutory provision to the contrary....

*Essen,* 607 N.W.2d at 835. The omitted portion of this quotation states "under the applicable state probate code". Accordingly, the full quote makes clear that the majority view is that a disclaimer *prepared in compliance with the applicable state probate code* is not treated as a fraudulent transfer under the Uniform Fraudulent Transfer Act.[6] This rule has no application in this case, where the Disclaimer was not prepared or filed in compliance with the provisions of Oklahoma law governing disclaimers. It appears to the Court that De-

---

5. In fact, unlike the Disclaimer herein, the disclaimer in *Essen* was filed with the county court and with the registrar of deeds.

6. The remaining cases cited by Defendants hold no differently. *See Simpson v. Penner (In re Penner),* 36 F.3d 450 (5th Cir.1994)(disclaimer prepared in compliance with Texas

law is not a fraudulent transfer); *Jones v. Atchison (In re Atchison),* 925 F.2d 209 (7th Cir.) *cert. denied,* 502 U.S. 860, 112 S.Ct. 178, 116 L.Ed.2d 140 (1991)(disclaimer prepared in compliance with Illinois law is not a fraudulent transfer); *Dyer v. Eckols,* 808 S.W.2d 531 (Tex.Ct.App.1991).

fendants intentionally left the above-referenced portion of the quote out of their briefs because it demonstrates that the holding of the Nebraska Supreme Court in *Essen* is factually distinguishable from this case. If Vaughan had complied with the provisions of Oklahoma's disclaimer statutes, the reasoning of *Essen* and of the majority view cited therein might apply in this case.[7] However, having failed to comply, Vaughan is not entitled to the protections the statute provides.

### Decision

The Trustee's motion for partial summary judgment is granted to the extent it seeks to establish that the Disclaimer is ineffective as a statutory disclaimer under Oklahoma law. As a result, the remaining provisions of Oklahoma's disclaimer statutes are not applicable to the Disclaimer herein. Because the Disclaimer does not comply with Oklahoma law, it did not prevent Vaughan's share of the Trust's assets from vesting in him as a matter of law, and the Trustee can pursue his claims for fraudulent transfer, conversion, accounting and constructive trust against Defendants. Accordingly, Defendants' counter-motion for summary judgment is denied.

---

**7.** Even this is far from a foregone conclusion. *See In re Kloubec,* 247 B.R. 246, 253–56 (Bankr.N.D.Iowa 2000)(holding disclaimer of inheritance filed by debtor the day before filing for bankruptcy to be a fraudulent transfer).