**Robert TROTTER and Pat Trotter, Plaintiffs-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Jan. 22, 1974.

Certiorari Denied by Supreme Court April 1, 1974.

Joe P. Binkley, Jr., Nashville, for Robert Trotter.

West M. Coss, Ashland City, for Pat Trotter.

David M. Pack, Atty. Gen., W. Henry Haile, II, Asst. Atty. Gen., Nashville, Noel R. Bagwell, Dist. Atty. Gen., Clarksville, for defendant in error.

OPINION

RUSSELL, Judge.

Robert Trotter and Pat Trotter, represented on appeal by separate retained counsel, seek reversals of their respective convictions upon a joint trial for extortion, as proscribed by T.C.A. § 39–4301, and penitentiary sentences of two (2) years. Although separately filed, the two assignments of alleged error are the same for both plaintiffs-in-error.

The legal sufficiency of the convicting evidence is questioned. The two men, under the State's proof, went to the house of one Bradford and stated to him that they had a warrant for his arrest for permitting his daughters to ride bicycles upon the public road at night, and that they would have to take him to jail unless he paid off in the amount of ten dollars ($10.00). Bradford was illiterate, and testified that although he knew that the Trotters were not officers and that they had no warrant, he paid the money demanded because he was afraid of them. They gave him two gasoline credit card sales ticket copies as and for the arrest warrant when he paid the money.

The only defendant to testify was Pat Trotter. He admitted going to Bradford's house and getting ten dollars ($10.00), but claimed that it was money owed him on account for wood.

The jury resolved the sharp issue of fact against the Trotters, and the evidence certainly does not preponderate against the verdict. Cooper v. State, 123 Tenn. 37, 138 S.W. 826. The assignment is overruled.

■■ The remaining assignment of error is not properly before us. The motion for a new trial contained a ground complaining that the jury was "not properly sequestered". The only thing in the record relevant to this question is argument of counsel in support of his motion for a new trial, in which he said:

"* * * I, as an officer of the Court, can testify that I saw with my own eyes. When Your Honor recessed this case for lunch, I was standing on the steps out there when the jury came out and they were strung from the steps of this Courthouse and the front down there, without a sign of the presence of an officer. As a matter of fact, while I was standing there watching this jury, the officer came out of the Courthouse and starts down toward the jail.

"Of course, certainly I am not insinuating that anybody got to the Jury. As Your Honor well knows, the law doesn't state that, it's the availability for them to get there, and I have several cases to this point.

"I think, to clarify this for the benefit of the Court, this jury should be re-subpoenaed and brought back in here and let them testify under oath as to what happened.

"That, as Your Honor knows, is reversible error—the fact that they were allowed to go in such a manner. There was one officer assigned to them and he wasn't even with them, the Court please, he came out after most of the jury had gone into the jail all the way across this parking lot, some two or three blocks away. And I think, Your Honor please, that this jury would readily admit it."

No affidavit in support of this argument was filed with the motion for a new trial, and no proof was presented by counsel in support of his factual thesis. He did not call the jurors, or any witness. His argument is not testimony. While it is true that a lawyer is an officer of the court, his statement of extra-judicial facts made in the course of argument, when not under oath as a witness and not subject to cross-examination, proves nothing. We need not go into the law on the question attempted to be raised, or attempt to make a judgment upon facts not properly before us. The assignment is overruled.

Affirmed.

OLIVER, P. J. pro tem., and MITCHELL, J., concur.