IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 14, 2001

## STATE OF TENNESSEE v. PHAREZ N. PRICE

**Appeal from the Circuit Court for Lewis County**
**No. 6010B     Timothy L. Easter, Judge**

---

### No. M2000-01227-CCA-R3-CD - Filed March 22, 2001

---

The defendant was convicted by a Lewis County jury of criminal responsibility for facilitation of a felony and possession of drug paraphernalia. The underlying felony conviction was for possession of cocaine in an amount of .5 gram or more with intent to sell or deliver. The defendant's brother pled guilty to this felony, a Class B felony. The defendant was sentenced as a Range II, multiple offender to nine years in continuous confinement on the facilitation conviction and eleven months and twenty-nine days in the workhouse on the drug paraphernalia conviction, with the sentences to be served concurrently for an effective sentence of nine years. In this appeal as of right, the defendant contends that his sentence on the facilitation conviction was inappropriate both as to length and manner of service. Having reviewed the limited record, we conclude that the sentence is appropriate and therefore affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J., joined.

J. Daniel Freemon, Lawrenceburg, Tennessee, for the appellant, Pharez N. Price.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Jeffrey L. Long, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, Pharez N. Price, was indicted by the Lewis County Grand Jury for the following: (1) possession of cocaine in an amount of .5 gram or more with intent to sell or deliver; (2) possession of drug paraphernalia; (3) driving on a revoked driver's license; and (4) driving on a revoked driver's license, third offense. Trial was held on March 2, 2000, and the jury returned the following verdicts as to each count: guilty on count one of criminal responsibility for facilitation of a felony, plus a $10,000 fine; guilty on count two of possession of drug paraphernalia, plus a $2,500

fine; and not guilty on count four. The State declared at the conclusion of its proof that it would enter a *nolle prosequi* as to count three.

Following a sentencing hearing on April 26, 2000, the defendant was sentenced to serve nine years in the Tennessee Department of Correction as a Range II, multiple offender on count one; and eleven months and twenty-nine days in the workhouse on count two, to be served concurrently with his sentence in count one. In this appeal, the defendant presents one issue for our review: whether the sentence of nine years for criminal responsibility for facilitation of a felony was appropriate.

## FACTS

The facts of this case are sketchy, based on the limited record presented on appeal. The trial transcript was not included. The agency statement of Deputy Lloyd Sherman of the Lewis County Sheriff's Department is included in the presentence report. According to this statement, on November 10, 1998, Deputy Sherman was patrolling Highway 412 East near Ridgetop Road in Lewis County when he noticed a yellow Mustang traveling at a very slow speed. A computer check of the license plate revealed that the license had expired on July 31, 1998. Deputy Sherman activated his blue lights and stopped the vehicle. When he approached the driver's window, he detected an odor of alcohol and asked the driver, the defendant, to perform field sobriety tests. The defendant admitted to having consumed "four or five beers." The defendant claimed not to have a driver's license on him. While conducting the sobriety tests, Deputy Sherman noticed that the passenger, the defendant's brother, David Price, was discarding something from the passenger side of the car.

In the meantime, a check revealed that both the defendant and his brother were wanted in Maury County. Deputy Sherman then arrested both men and placed them in the patrol car. Incidental to the arrests, the vehicle's interior was searched and a set of scales was found. On the ground sitting next to the passenger door, an open, cold container of beer and a plastic bag containing white powder were found. A field test on the white substance was immediately conducted. The results were positive for cocaine. A more thorough search of the area on the passenger side uncovered two other plastic bags of white powder in the same vicinity as the first bag. The defendant's brother pled guilty to possession of the cocaine and possession of the drug paraphernalia. The defendant denied knowledge of the cocaine or paraphernalia.

## ANALYSIS

The defendant challenges the length and manner of service of his sentence. Specifically, he asserts the following:

> (1) That he was erroneously classified as a Range II, multiple offender;
>
> (2) That three enhancement factors were erroneously applied; and

(3)  That he was erroneously denied consideration in the Community
      Corrections Program.

When an accused challenges the length and manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

In conducting a *de novo* review of a sentence, this court must consider:  (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancing factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. § 40-35-210; see also State v. Scott, 735 S.W.2d 825, 829 (Tenn. Crim. App. 1987).

The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. See Tenn. Code Ann. § 40-35-401, Sentencing Commission Cmts.; see also Ashby, 823 S.W.2d at 169. In this case, the defendant has the burden of illustrating the sentence imposed by the trial court is erroneous.

### I. Classification as Range II, Multiple Offender

In felony cases, the first determination of the trial court in the sentencing process is the appropriate range of the sentence for the class of conviction. See Tenn. Code Ann. § 40-35-210, Sentencing Commission Cmts. "A defendant may be sentenced within Range I, Range II, or Range III depending on the number and types of prior convictions." Id. Range II is available for "multiple offenders" who have a certain number of prior convictions. See Tenn. Code Ann. § 40-35-106, Sentencing Commission Cmts. "If the offender has at least two prior felony convictions within the same or higher class or within the next two lower felony classes, then the defendant must be sentenced as a multiple offender." Id. Convictions for multiple felonies committed within twenty-four hours of each other and as part of a single course of conduct constitute one conviction for the purpose of determining prior convictions. See id. § 40-35-106(4). Excluded from this rule are convictions involving acts resulting in bodily injury or threatened bodily injury to a victim. See id.

Here, the defendant was convicted of criminal responsibility for facilitation of a felony. See id. § 39-11-403(a). The criminal facilitation of the commission of a felony is an offense of the class next below the felony facilitated by the person charged. See id. § 39-11-403(b). The "facilitation" criminalized in this law applies to a person who "knowingly furnish[es] substantial assistance to the

perpetrator of a felony, but who lacks the intent to promote or assist in, or benefit from, the felony's commission." Id. § 39-11-403, Sentencing Commission Cmts. In this case, the perpetrator, the brother of the defendant, pled guilty to a Class B felony, possession of cocaine in an amount of .5 gram or more. The defendant, having been found criminally responsible for the facilitation of the commission of this felony, was convicted of a Class C felony, one class lower. The range of punishment for a Class C felony committed by a Range II, multiple offender is six to ten years. See id. § 40-35-101, Sentencing Commission Cmts. and grid.

The defendant challenges the trial court's determination that he is a Range II, multiple offender and thus subject to receiving a sentence of six to ten years for his crime. At the sentencing hearing, the trial court stated the following:

> Pursuant to Tennessee Code Annotated 40-35-210, at the conclusion of the sentencing the court shall determine the appropriate range. To determine the appropriate range for this defendant as it relates to the felony conviction of facilitation to sell and deliver an amount of cocaine greater than half a gram, being a Class C felony, to determine what classification of offender this defendant is, the court is relying upon the state's notice, which I've already referenced, which has been on file in the court's file, and its attachments which include the judgment on which the state bases its position that this defendant is a Range II multiple offender, specifically relying on docket number 8271 out of the Circuit/Criminal Court of Maury County wherein this defendant was convicted on May 10th, 1994, for an offense committed on October 29th, 1993, being a Class D felony theft. Further, for multiple offender status, the court is relying upon docket number 7979 out of the Criminal Court of Maury County wherein this defendant was convicted on the 10th day of May, 1994, for the Class D felony of theft which was alleged to have occurred on the 8th day of January, 1993. The court finds, then, pursuant to 40-35-106, that this defendant is beyond a reasonable doubt a multiple offender and shall be sentenced within Range II as such.

The defendant argues that an aggravated assault conviction, docket number 8070A, included in the State's Notice of Intent to Seek Enhanced Punishment was fatally flawed because it did not include an offense date and thus could not support the court's determination of Range II status. According to the above quoted portion of the record, the trial court did not rely on the aggravated assault conviction in docket number 8070A in determining the defendant's status as a Range II, multiple offender. The trial court relied solely on the two theft convictions.

The defendant also asserts that the State made no showing that the two theft charges, relied upon by the trial court, were not part of a common plan or scheme and thus properly considered one

conviction.[1]  Although the defendant challenges the State's Notice of Intent To Seek Enhanced Punishment as a Multiple Offender and the attached certified judgments, these documents are not included in the record on appeal.[2]  The Tennessee Rules of Appellate Procedure set forth the manner in which a party raising an issue is to place before this court relevant portions of the record of the proceedings in the trial court.  See Tenn. R. App. P. 24.  It was the defendant/appellant's responsibility to include any relevant documents bearing on the issue that forms the basis of the appeal.  See, e.g., State v. Zirkle, 910 S.W.2d 874, 883-84 (Tenn. Crim. App. 1995) (determining that defendant, by failing to include the motion for a continuance in the record on appeal, had waived the issue); State v. Miller, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987) (declining to consider whether trial court appropriately ruled on defendant's motion in limine concerning State's use of prior convictions for impeachment purposes where defendant failed to include transcript of hearing on motion); State v. Rhoden, 739 S.W.2d 6, 14-15 (Tenn. Crim. App. 1987) ( finding no merit to issue of missing tapes where defendant failed to provide any showing that actual tapes were requested even though authenticated transcripts had been admitted as evidence).  Whether the two theft charges were properly considered as two separate convictions cannot be resolved by the statements of counsel at the sentencing hearing or as contained within the brief.  See Trotter v. State, 508 S.W.2d 808, 809 (Tenn. Crim. App. 1974) (noting that counsel's statement concerning extra-judicial matters "proves nothing" ).  Here, we presume that the ruling of the trial court was correct in all particulars regarding the defendant's prior two theft convictions.  See State v. Jones, 623 S.W.2d 129, 131 (Tenn. Crim. App. 1981) (stating that trial court's denial of probation will be presumed supported by the evidence where the appellate record fails to include a transcript supporting appellant's position).

The defendant also argues that because the judgments for the two theft convictions provided for concurrent sentencing, the defendant is entitled to a presumption that they constituted one conviction for purposes of determining multiple offender status.  We are aware of no authority for such a theory; the defendant cites no authority in his brief; and, furthermore, the appropriate documents are not included in the record.  This issue is without merit.

## II.  Enhancement Factors

The defendant next alleges that the trial court erred in applying the following enhancement factors, listed here by statutory number:

> (1)    The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;

---

[1] We have previously noted that convictions must also have occurred within twenty-four hours of each other to be considered one conviction for purposes of determining that the defendant is a Range II, multiple offender.

[2] During the sentencing hearing, the trial court stated that it was "looking at" the Notice of Intent To Seek Enhanced Punishment as a Multiple Offender and Notice of Impeachment by Convictions filed by the State on July 9, 1999.  Trial was held March 2, 2000.

(8)    The defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; and

(21)    The defendant, who was provided with court-appointed counsel, willfully failed to pay the administrative fee assessed pursuant to § 40-14-103(b)(1).

Tenn. Code Ann. § 40-35-114(1), (8), (21).

In determining the appropriate sentence for a felony conviction, the trial court, if there are enhancing factors but no mitigating factors for a Class C felony, may set the sentence above the minimum in that range but still within the range. See Tenn. Code Ann. § 40-35-210(d) (1999 Supp.); see also State v. Boggs, 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996). Should there be enhancement and mitigating factors for a Class C felony, the court must start at the minimum sentence in the range, enhance within the range as appropriate for the enhancement factor and then reduce within the range as appropriate for the mitigating factors. See Tenn. Code Ann. § 40-35-210(e). There is no mathematical formula of valuating the factors to calculate the appropriate sentence. "The weight to be afforded an existing factor is left to the trial court's discretion so long as the court complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record." State v. Hayes, 899 S.W.2d 175, 185 (Tenn. Crim. App. 1995).

In this case, the trial court applied three enhancement factors, each of which the defendant challenges, and one mitigating factor.[3]

## A. Enhancement Factor (1)

Having determined that the range for the defendant was six to ten years and that, for a Class C felony, the minimum of six years was the presumptive beginning point, the court addressed enhancement factor (1) in the following:

> I do find that this defendant has a history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range to be present in this case, which is evidenced by his prior convictions set forth in the pre-sentence report as well as several others which are attached to the notice that are not set forth in the notice, but there are some convictions in there alleging - - I know I saw an escape which is a misdemeanor offense, but it's still criminal

---

[3]The trial court found, in mitigation, that the defendant's criminal conduct neither caused nor threatened serious bodily injury.

conduct which the court can consider, as well as other criminal convictions which are in the pre-sentence report.

The defendant contends that enhancement factor (1) was erroneously applied because every previous conviction included in the presentence report was used to establish the defendant's range as a Range II, multiple offender. We disagree. The record clearly indicates that the trial court used only two convictions, docket numbers 8271 and 7979, both Class D felony theft convictions, in determining that the defendant should be sentenced as a Range II, multiple offender. The presentence report included a conviction for aggravated assault, docket number 8070A, and a conviction for driving with a revoked license, docket number 760603C.

As to other convictions of this defendant, the trial court apparently was looking at judgments that were attached to the State's Notice of Intent To Seek Enhanced Punishment but were convictions not specifically listed in the State's Notice of Intent.[4] The trial court mentioned an escape conviction as a basis for supporting the application of enhancement factor (1).[5] Because no judgment forms are included with the record, we must assume that the trial court was correct. This assumption is supported by the fact that defense counsel stated in its brief that the escape conviction was "reduced to evading arrest, a violation of T.C.A. §39-16-603 an A misdemeanor."

The record shows that the defendant has a history of criminal convictions and behavior spanning some seven years. We conclude that the trial court did not err in applying enhancement factor (1).

## B. Enhancement Factor (8)

As to enhancement factor (8), the trial court stated the following:

I further find that pursuant to the information set out in the pre-sentence report regarding probation which has been imposed on this defendant in the past, that this defendant has a previous history of unwillingness to comply with the conditions of a sentence involving

---

[4] Although this notice is not included within the record on appeal, apparently, in the notice, the State listed the two theft charges used by the trial court in determining Range II status and the aggravated assault charge, docket number 8070A, that was not relied on by the court for determining Range II status but was relied on to support enhancement factor (1).

[5] The State in its brief noted that the "pre-sentence report shows that the defendant had prior criminal convictions for escape, theft, aggravated assault and evading arrest *in addition to the offenses used in determining the defendant's range*." The presentence report does include an attached FBI report of arrests on February 5, 1994, (escape, theft, and theft Class D), and August 28, 1996, (theft of property, aggravated assault, evading arrest, and contributing to the delinquency of a minor), but these are arrests only. The law is clear that an arrest or charge is not to be considered evidence of the commission of a crime. See State v. Marshall, 870 S.W.2d 532, 542 (Tenn. Crim. App. 1993), implied overruling on other grounds recognized by State v. Smith, 996 S.W.2d 845 (Tenn. Crim. App.), perm. to appeal denied (Tenn. 1999).

> release in the community, as the unrefuted evidence is before this court that he has been violated from probation on previous occasions when he was given an opportunity to serve a sentence involving release in the community.

The defendant concedes that his probation was revoked but claims that the record does not establish the basis of the revocation and thus does not establish that he was "unwilling" to comply with release. The defendant theorizes that some other reason, such as inability to pay fines, may have been the reason his probation was revoked. No documentation concerning the revocation of his probation was included in the record on appeal. In State v. Elam, 7 S.W.3d 103 (Tenn. Crim. App. 1999), a defendant challenged the application of factor (8) contending that even though she admitted her community corrections sentence had been revoked for failure to comply with its conditions, the record did not show that she was unwilling to comply. See id. at 106. In Elam, we concluded that, despite the defendant's contention, her previous inability to comply with a community corrections sentence supported the application of enhancement factor (8). See id. Here, the defendant does not challenge the fact that his probation was revoked, and we, therefore, conclude that enhancement factor (8) was properly applied.

## C. Enhancement Factor (21)

The defendant also challenges the application of enhancement factor (21). Tennessee Code Annotated Section 40-14-103(b)(1) states that a defendant who is provided court-appointed counsel shall be assessed a one-time, nonrefundable administrative fee in the amount of $50. We note that the language of the statute specifically provides for mandatory waiver or reduction of the fee by the assessing court where a defendant is found to lack financial resources sufficient to pay the fee.

Here, the trial court noted that the defendant was appointed counsel on June 3, 1999, and was ordered to pay a $50 attorney's administrative fee. The clerk testified at the sentencing hearing that no administrative fee had ever been paid. The clerk further testified that the defendant was on bond at the time of his trial on March 2, 2000. The defendant argues that factor (21) should not have been applied by the trial court because he had been incarcerated for unspecified periods of time since the fee was ordered to be paid and that there was no proof offered that he had the ability to pay, therefore his failure could not be deemed "willful." We agree that the trial court made no findings of fact to support a determination that the defendant had the ability to pay the $50 fee. Because the defendant was on bond at the time of trial, the trial court apparently inferred that the defendant had the ability to pay the fee and willfully failed to do so.[6]

---

[6]The record does not include any documentation concerning the original bond in this case. A motion to set bond pending appeal was heard on October 4, 2000, and bond of $25,000 was set on October 6, 2000. Surety on that bond was made by the defendant's parents, David and Phyllis Price, by filing a deed of trust for property valued at $55,200 with the Lewis County Circuit Court.

In State v. Jerry Ray Chandler, No. M1999-00543-CCA-R3-CD, 2000 WL 502824 (Tenn. Crim. App. April 27, 2000), the defendant challenged the application of enhancement factor (21), arguing that his failure to pay the fee was not willful because he was indigent, incarcerated at the time of the assessment of the fee, and could not afford to pay his bail in order to get out of jail. See id. at *3. A factual determination was made that the defendant, at the time of his arrest, was receiving supplemental social security income benefits. This factual determination, on the record, supported the conclusion that the defendant had the ability to pay the $50 fee from his social security benefits, and, thus, we concluded that the application of enhancement factor (21) was appropriate. See id. Unlike the situation in Chandler, no evidence was presented here to show that the defendant had the means to pay the fee and willfully failed to do so.[7] The fact that the defendant was free on bond for unspecified periods of time, standing alone, is insufficient to support a conclusion that the defendant had the ability to pay the fee and willfully failed to do so. The trial court erred in applying this enhancement factor.

The trial court, in calculating the sentence, stated the following:

> Having found those three enhancing factors to apply, that being number one, eight and twenty-one under 40-35-114, the court finds that the appropriate sentence for the felony conviction is a sentence of ten years as a Range II multiple offender to the Department of Correction. I have also reviewed the mitigating factors set forth under 40-35-113 and find that in this case mitigating factor number one has some weight to it, that the defendant's criminal conduct neither caused nor threatened serious bodily injury.
>
> I, therefore, having found that mitigating factor, and that mitigating factor alone to be present, will reduce the ten year sentence to nine years as a Range II multiple offender for this Class C felony.

Although we have determined that enhancement factor (21) was inappropriately applied, we conclude that the defendant's history of criminal convictions and his inability to meet the conditions of probation are sufficient to support the enhancement of his sentence to ten years based on those two enhancement factors. The sentence was appropriately reduced by one year based on the application of one mitigating factor. Therefore, we conclude that nine years as a Range II, multiple offender is an appropriate sentence.

### III. Community Corrections Program

---

[7] We note that in his Motion To Set Bond Pending Appeal, filed August 30, 2000, the defendant argued that bond should be granted because, "his family is dependant [sic] on his income." Nevertheless, this document would not have been before the trial court at the hearing on April 26, 2000. The presentence report contains no information concerning the defendant's employment record.

Finally, the defendant contends that he was not given proper consideration for community corrections. He asserts that he met all of the requirements under Tennessee Code Annotated Section 40-36-106(a) establishing suitability for community corrections. The trial court stated the following:

> Having sentenced the defendant to a period of incarceration beyond which the law will allow some type of alternative sentencing, I find then that although this is a C felony for which he is presumed to be a favorable candidate for alternative sentencing, that this option is not available since the sentence imposed by the court is a nine year sentence and beyond that for which the law will allow alternative sentencing.
>
> I further find that there is no evidence before the court which would demonstrate that this defendant is eligible for any type of special needs consideration for alternative sentencing pursuant to the community corrections statute and, therefore, is not eligible for the community corrections sentence.

Contrary to the trial court's interpretation of the relevant law, the defendant, having been convicted as a Range II, multiple offender, is not presumed to be a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6). While it is true that the defendant is not eligible for probation because of the length of his sentence, see Tenn. Code Ann. § 40-35-303(a), he is still considered eligible for community corrections if he satisfies the minimum eligibility criteria set forth in Tennessee Code Annotated Section 40-36-106(a)(1)-(6). See State v. Grigsby, 957 S.W.2d 541, 546 (Tenn. Crim. App.), perm. to appeal denied (Tenn. 1997) ("The Community Corrections Act permits trial courts to be creative in sentencing certain *nonviolent* felony offenders, who are either not eligible for probation or not good candidates for probation, to participate in community-based alternatives to incarceration."). Those criteria are as follows:

> (1) Persons who, without this option, would be incarcerated in a correctional institution;
>
> (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;
>
> (3) Persons who are convicted of nonviolent felony offenses;
>
> (4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

> (5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
>
> (6) Persons who do not demonstrate a pattern of committing violent offenses.

Tenn. Code Ann. § 40-36-106(a)(1)-(6).

We agree that the defendant meets the minimum criteria of the Community Corrections Act. See Tenn. Code Ann. § 40-36-106(d) ("The eligibility criteria established in this section shall be interpreted as minimum state standards, guiding the determination of eligibility of offenders under this chapter."). Even though an offender meets these minimum eligibility requirements for community corrections, an offender is not automatically entitled to serve his sentence in the program. See State v. Kendrick, 10 S.W.3d 650, 656 (Tenn. Crim. App. 1999) (stating that "the defendant is not necessarily entitled to be sentenced under the Act as a matter of law or right" even when he meets the minimum requirements) (citing State v. Taylor, 744 S.W.2d 919 (Tenn. Crim. App. 1987)); State v. Grandberry, 803 S.W.2d 706, 707 (Tenn. Crim. App. 1990). Because measures less restrictive than confinement have been applied unsuccessfully to this defendant, we conclude that the defendant lacks the potential to be rehabilitated while serving his sentence in a manner less restrictive than incarceration. See Tenn. Code Ann. § 40-35-103(1)(C). Therefore, we conclude that the defendant was appropriately sentenced to continuous confinement in the Tennessee Department of Correction.

## CONCLUSION

We conclude that the defendant was appropriately sentenced both as to length of sentence and manner of service. The judgment of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE

-11-