IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 25, 2003

## STATE OF TENNESSEE v. BUREN EFFORD LANEY

**Appeal from the Criminal Court for Sullivan County**
**No. S45,384     R. Jerry Beck, Judge**

**No. E2002-01579-CCA-R3-CD**
**March 27, 2003**

Buren E. Laney, convicted on his guilty plea to the offense of violation of an habitual traffic offender order, appeals from the lower court's imposition of a six-year incarcerative sentence. Because we disagree with Laney, a career offender, that the sentence imposed was improper, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Richard A. Spivey, Kingsport, Tennessee, for the Appellant, Buren Efford Laney.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and B. Todd Martin, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

By his own admission, the defendant, who was 60 years old at the time of sentencing, drove a vehicle on a public roadway in Sullivan County despite the existence of an habitual traffic offender order prohibiting him from doing so. The defendant pleaded guilty to the offense, a Class E felony, *see* Tenn. Code Ann. § 55-10-616(b) (1998), but the length and manner of service of the sentence was not addressed by the plea agreement.

The evidence before the court at the sentencing hearing consisted solely of the presentence report and the stipulation of facts recited at the plea acceptance hearing. The defendant did not dispute that he had sufficient prior convictions to qualify him for career offender classification. *See id*. § 40-35-108 (1997) (career offender). He likewise did not dispute that he was on parole at the time he committed the offense in question. The defendant conceded that he possessed a very  lengthy criminal history, but he requested that the court allow him some dispensation in sentencing due to his advanced age and his success for a number of years on parole.

Defense counsel also informed the court, without offering actual proof,[1] that there had been two prior attempts to have the defendant's driving privileges restored, although those attempts were unsuccessful due to the defendant's inability to pay the fines.

After hearing the arguments of the parties, the court imposed a six-year sentence and found that the defendant's abysmal prior record, which the court classified as "a world class prior record situation," disqualified him for any form of alternative sentencing. Thus, the court ordered that the sentence be served in the Tennessee Department of Correction. Based upon the defendant's status as a parolee at the time of the offense, the court also ordered the sentence be served consecutively to the sentence for which the defendant was on parole. *See* Tenn. R. Crim. P. 32(3)(A) (mandatory consecutive sentencing for felony committed while on parole for a felony).

In this appeal, the defendant claims that the trial court should have granted him probation or some other form of alternative sentencing. He takes issue with the court's application of enhancement and mitigating factors and its balancing of those factors. He likewise challenges the sufficiency of the state's showing that the nature and circumstances of the offense warranted a sentence of confinement.[2] For the reasons that follow, we hold that the defendant's appellate challenge is without merit.

We begin with a review of the relevant law. In making a felony sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. *See* Tenn. Code Ann. § 40-35-210(a), (b), -103(5) (1997) and (Supp. 2002); *State v. Holland*, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (1997). However, a defendant who commits "the most severe offenses, possess[es] a criminal histor[y] evincing a clear disregard for the laws and morals of society, and [has failed] past efforts at rehabilitation" does not

---

[1] *See Trotter v. State*, 508 S.W.2d 808, 809 (Tenn. Crim. App. 1974) (statements of counsel are not evidence).

[2] The defendant does not challenge the length of sentence imposed by the trial court. Indeed, such a challenge would be without legal foundation. The law provides that a career offender shall receive the maximum sentence within the Range III classification, *see* Tenn. Code Ann. § 40-35-108(c) (1997), which in this case is six years, *see id*. § 40-35-112(c)(5) (four-to-six-year sentence appropriate for Range III offender convicted of Class E felony).

enjoy the presumption. *See id.* § 40-35-102(5), (6) (1997); *State v. Fields*, 40 S.W.3d 435, 440 (Tenn. 2001). A sentence involving confinement is appropriate when

    (A)    Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

    (B)    Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is especially suited to provide an effective deterrence to others likely to commit similar offenses; or

    (C)    Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1)(A) - (C) (1997).

Furthermore, the defendant's potential for rehabilitation or lack thereof should be examined when determining whether an alternative sentence is appropriate. *Id.* § 40-35-103(5) (1997). Sentencing issues are to be determined by the facts and circumstances presented in each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. *See* Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). Likewise, the trial court has an affirmative duty to state on the record, either orally or in writing, which enhancement and mitigating factors it found and its findings of fact. Tenn. Code Ann. §§ 40-35-209(c), 40-35-210(f) (Supp. 2002); *State v. Troutman*, 979 S.W.2d 271, 274 (Tenn. 1998); *State v. Russell*, 10 S.W.3d 270, 278 (Tenn. Crim. App. 1999).

The record before us is deficient in reflecting that the lower court considered enhancement and mitigating factors or made any findings relative to the factors. For this reason, we will conduct a *de novo* review unaccompanied by the presumption of correctness.

The defendant nominally challenges the lower court's application of an enhancement factor for the defendant's prior criminal history. *See* Tenn. Code Ann. § 40-35-114(2) (Supp. 2002). The defendant's record of convictions, even absent those used to qualify him for career offender classification, is one of the most pervasive and dismal that this court has had the occasion to review. This factor applies and is entitled to great weight.

The defendant committed this offense while he was on parole. His sentence receives enhancement on this basis. *See id.* § 40-35-114(14)(B) (Supp. 2002). Given the extent of the defendant's prior involvement in correctional settings, this factor is entitled to substantial weight.

Turning to mitigating factors, the defendant argues that the court should have considered that his conduct neither caused nor threatened serious bodily injury, his age, his poor health, and the support of his family. *See id.* § 40-35-113(1), (13) (1997). First of all, there is no evidence about the manner in which the defendant was operating the vehicle on the occasion in question. Furthermore, because his criminal history consists in large measure of disregard of rules of the road, we are not inclined to mitigate his sentence for lack of actual or threatened serious bodily injury. The defendant's operation of a vehicle has been barred by the State of Tennessee, and he should not receive any mitigating credit simply because the record does not show that he endangered or injured anyone in the course of his illegal conduct.

We are similarly unimpressed by the defendant's bid for mitigation based upon his age, poor health, and family support. He has not proposed how or why we should consider his age of 60 at the time of sentencing to be worthy of mitigation. He likewise has not proposed to us how or why his self-reported "fair" health should afford him mitigation. He is apparently still young enough and healthy enough to violate the habitual traffic offender order against him, and his past criminal record as well as the commission of the present offense illustrate his inclination to do so. Likewise, his family support is only marginally demonstrated by the statement in the presentence report that he will live with his sister if given non-incarcerative sentencing. The record is devoid of any evidence that his family is willing to support him in rehabilitative efforts. Mitigation credit is inappropriate for these proposed factors.

Having considered the enhancement and mitigating factors, we turn more squarely to the question of alternative sentencing. As a career offender, the defendant is not entitled to the presumption of favorable candidacy for alternative sentencing. *See id.* § 40-35-102(6) (1997). Moreover, the defendant is an appropriate candidate for a sentence of confinement for other reasons. The defendant's long history of criminal conduct is pervasive and extensive. Also, the fact that he has declined the opportunity to reform his conduct on numerous past occasions, through both non-incarcerative and incarcerative means, supports an order of confinement. *See id.* § 40-35-103(1)(A), (C) (1997). Likewise, it would be ludicrous to suggest, at this late date, that the defendant possesses any measurable potential for rehabilitation. *See id.* § 40-35-103(5) (1997).

Given all of these factors, we have no hesitation whatsoever in concluding that the lower court appropriately ordered that the defendant serve his sentence in the Department of Correction. While it may be regrettable that the defendant will spend at least a portion of his senior years in an incarcerative setting, the unfortunate facts of this case are of his own making. We cannot fathom how a different result might be reached given those facts. *Cf. Jerry Lynn Hopson v. State*, No. 03C01-9308-CR-00249, slip op. at 3-4 (Tenn. Crim. App., Knoxville, Sept. 27, 1994) ("it is inconceivable that a career offender would be eligible for an alternative to confinement"), *perm. app. denied* (Tenn. 1995).

In so holding, we have rejected the defendant's contention that the evidence does not support a finding that the crime was "especially violent, horrifying, shocking, reprehensible, offensive or otherwise of an excessive or exaggerated degree" such as would warrant a denial of

probation.  The law to which the defendant somewhat obliquely refers is simply inapplicable in this case.  It is true that the circumstances of the offense, or in other words, the need to avoid depreciating the seriousness of the offense, is an appropriate basis for denying an *alternative sentence*, not merely a probationary sentence.  *See State v. Charles Chesteen*, No. E1999-00910-CCA-R3-CD, slip op. at 11, (Tenn. Crim. App., Knoxville, June 8, 2000); *State v. Housewright*, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997).  In that regard, the circumstances of the offense cannot be used as the *sole* basis for denying an alternative sentence unless they are "especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree." *Housewright*, 982 S.W.2d at 357 (citations omitted) (emphasis added).  The sole basis for denying an alternative sentence in this case is not the nature and circumstances of the offense.  The defendant in this case has earned his incarcerative sentence for a multitude of reasons.

   We therefore affirm the lower court's imposition of incarcerative sentencing.

                _____
                JAMES CURWOOD WITT, JR., JUDGE