PHILADELPHIA FIRE & MARINE INSURANCE COMPANY, Plaintiff in Error, v. E. A. FIELDS, Defendant in Error.

Eastern Section. February 28, 1931.

Petition for Certiorari denied by Supreme Court, May 2, 1931.

486

T. R. Bandy, of Kingsport, for plaintiff in error.
Curtin & Haynes, of Bristol, for defendant in error.

DeWITT, J. This action was begun by E. A. Fields on August 16, 1929 to recover the sum of $1000, with interest from March 18, 1929 and a penalty, upon a policy of insurance effected March 29, 1928 against fire upon a dwelling house in the town of Kingsport. The house was totally destroyed by fire on January 18, 1929.

The policy was issued to Kassem and Shaheen as the owners, but with the loss clause attached thereto providing, "loss if any to be adjusted with the insured named herein any payable to the insured and E. A. Fields as their respective interests may appear, subject nevertheless to all the terms and conditions of the policy."

Upon the trial the jury rendered a verdict in favor of the plaintiff E. A. Fields for $1000, with interest from March 19, 1929 and a penalty of $250, making a total of $1310.

In behalf of the Insurance Company eight assignments of error have been filed and these will be dealt with seriatim, with the exception that the fifth assignment is that the evidence preponderates in favor of the Insurance Company and this cannot be considered in the appellate court.

The first assignment is that the Court erred in overruling the first special plea of the Insurance Company setting up the fact that

Kassem and Shaheen, parties in whose favor the policy was issued, are not parties to the suit.

The declaration expressly alleges and the evidence abundantly shows that the plaintiff, E. A. Fields is entitled to the entire proceeds of the policy, if to anything at all, as his interest under the loss payable clause exceeds the amount of the insurance. In Donaldson v. Insurance Co., 95 Tenn., 280, 32 S. W., 251, it was expressly ruled: "a third person to whom the note and insurance policy is made payable as his interest may appear, can maintain an action upon the policy in his own name without joining the insured, where his interest exceeds the amount of insurance."

There is no merit in the proposition that Kassem and Shaheen are necessary parties because the claim of Fields as holder of a vendor's lien does not amount to as much as the judgment for $1310. The evidence shows that the amount of Fields's debt secured by lien was about $1100. The penalty is not a part of the policy but goes as a matter of law to the party entitled to maintain suit upon the policy for the additional expense to which he is put by reason of having to bring suit because of the refusal of the Insurance Company in bad faith to pay. Kassem and Shaheen could have no interest in the penalty or in the interest awarded upon the face value of the policy.

The second assignment is that the Court erred in overruling the third special plea that the title to the property had changed.

This plea was insufficient because it did not show that Fields had any knowledge of the change in ownership, neither did it show that there was any increase of hazard thereby, or any demand made upon Fields for payment of increased premium and any refusal by him to pay same. Chapter 123 of the Public Acts of 1925 regulates duties and liabilities growing out of relation of a fire insurance company to a trustee, mortgagee, assignee or other person having a claim against the property, under a loss payable clause attached to a policy of fire insurance. It contains a proviso that such person having such claim, that is lien upon the property protected by the loss payable clause, shall notify the insurance company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of such person. In order, therefore, for such a plea to be good, it is necessary to aver that the alleged change in ownership was known to the plaintiff and that he failed to notify the insurance company.

However, the record shows that all testimony offered upon the subject of change of ownership was admitted by the court, and the jury were instructed that if there was a change in ownership known to the plaintiff, it would avoid the policy if he sailed to notify the insurance company.

In the third and fourth assignments it is insisted that there is no evidence to support the verdict; and that the Court erred in overruling the motion of the Insurance Company for peremptory instructions in its favor. These propositions will be treated together. Counsel have made three contentions in support of them.

The first contention is that the undisputed evidence is that there was a change in the title to the property known to the plaintiff but unknown to the defendant. The plaintiff E. A. Fields sold the property to Kassem and Shaheen in 1927, retaining a vendor's lien to secure the payment of purchase money amounting to $1000. Prior to the destruction of the property by fire and while the policy herein sued on was in force, Fields filed a bill to foreclose his vendor's lien against David Solomon, Shaheen and H. J. Kassem. Neither of these parties appeared or made any defense to the suit and Fields left the matter entirely in the hands of his attorneys. He testified that he was not personally present at the taking of depositions or any other steps in the case, except when the property was sold under the order of the Court; and that it was his understanding that Mr. Todd, the attorney bought the property in for the same parties who already owned it, that is Kassem and Shaheen. Now, as the knowledge of change of ownership is actual and not constructive knowledge as referred to in said Chapter 123 of the Public Acts of 1925, this testimony of Fields was material evidence to support a conclusion that Fields did not violate the duty imposed upon him by said Act by failing to notify the Company of the change of ownership.

There was also evidence from which the jury could infer that there was no real change of ownership. The evidence was conflicting upon this point. The conclusion of the jury upon such conflicting evidence is binding upon this Court. There is evidence that after the foreclosure suit was instituted by Fields one David Solomon brought suit against Kassem and Shaheen claiming that he furnished the money with which the lot was purchased from Fields and that Kassem and Shaheen acting as his agents erroneously and fraudulently had their names inserted as grantees in the deed instead of his own. This suit was consolidated with or treated as a cross action in the suit begun by Fields. Another suit was brought by C. P. Rogers against Kassem and Shaheen to attach their interest in said property. All of these suits were consolidated and heard together and the decree was entered in the consolidated causes on June 4, 1928, to the effect that David Solomon was the true owner of the property; and in this same decree the property was ordered sold for the satisfaction of the vendor's lien held by Fields. Fields was not served with process in the suit brought by David Solomon. He had no notice thereof. He testified that he

did not know David Solomon; that the person to whom he sold the property represented himself as Shaheen; that he later learned that this same person was going around trying to practice medicine illegally and without authority, changing his name in different localities. Now if David Solomon was the same person as Shaheen there was no real change of ownership because David Solomon, or Shaheen, in whom a previous decree had already vested the title bid the property in at the sale. Mr. Todd testified that he represented David Solomon and at the sale Solomon authorized him to bid in the property for him and admitted that he owed Mr. Fields the debt.

The sale was consummated to the extent that the title to the property was by decree vested in the purchaser, David Solomon, subject to the lien for all of the purchase money, none of which appears to have been paid at the time of the fire.

In 26 C. J., 240, it is stated in the text, "A completed judicial sale transfers title and so amounts to an alienation sale and change in title within a policy providing that such acts shall avoid it. But the condition against alienation or change of title is not violated until the sale is finally completed. If loss occurs before confirmation of the sale or delivery of a deed or other instrument of conveyance, or before the expiration of a period for redemption, a recovery on the policy is not barred."

The decree of sale cut off the right of redemption. We are not willing to rest our conclusion upon the rules just quoted from 26 C. J., 240, but we are of the opinion that the record fails to show that Fields had knowledge of this change of ownership if there was such change; and that therefore he did not lose his right under the policy by failing to report such change of ownership.

The second contention is based upon the fact that Fields instituted proceedings to foreclose his vendor's lien against the property and failed to notify the Insurance Company of such foreclosure proceedings.

This contention is easily answered in Insurance Co. v. Estes, 106 Tenn., 472, 62 S. W., 149. It was there held that the existence of an undisclosed vendor's lien upon insured property, and the institution of proceedings, with the insured's knowledge, to enforce it, does not operate to render a policy void which contains the provision: "this entire policy, unless otherwise provided by agreement endorsed thereon or added hereto, shall be void. . . . If the interest of the insured be other than conditional or sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple; or if, with knowledge of the insured, foreclosure proceedings be commenced with notice given

of sale of any property covered by the policy by virtue of any mortgage or trust deed."

Chapter 123 of the Public Acts of 1925 provides that the insurance as to the interest of the trustee, mortgagee, assignee, or other person named in the policy shall not be invalidated by any foreclosure or other proceedings or notice of sale relating to the property. Although Fields the person insured under the loss payable clause, did actually institute the foreclosure proceedings he was not required by said Act of 1925 to notify the Insurance Company of that fact. He was only required to notify it of any change of ownership or occupancy or increase of hazard which should come to his knowledge.

The third contention is that Fields elected to look to the property and the security given on the notes of David Solomon for the satisfaction of his indebtedness, and he is estopped to claim under the policy of insurance; that Fields had the policy made payable to Kassem and Shaheen without knowing whether or not they were owners of the property at that time, and he did not know at the trial whether or not they were the owners as claimed by him.

The foreclosure proceedings took place several months prior to the fire. We do not see how Fields could be estopped to claim under the policy of insurance. At the time the notes were given for purchase money no rights of any kind had accrued against the Insurance Company. The policy was carried on and Fields still stood as lienor and he had a right to rely upon the loss payable clause for collection of his debt in case of destruction of the property by fire. It is well settled that a lienor's right to recovery under an insurance covering his interest or payable to him as his interest may appear, is not reduced or lessened by the fact that he has other security for the payment of the mortgage debt remaining after the destruction of the insured property. 26 C. J., 360. The rule is that a payment by an insurance company to a mortgagee or other lienor operates pro tanto as a satisfaction of the lien debt. First National Bank of Rockwood, et al. v. Insurance Company, 2 Tenn. Chy. App., 90.

Attention should be called to the provisions of the decree of sale that only when the purchase money is fully paid shall the Clerk and Master execute and deliver a deed to David Solomon. The transfer of the title and interest of the parties to the suit to Solomon the purchaser was made expressly subject to the lien of Fields against the property for the unpaid money.

There was material evidence to warrant a conclusion by the jury that the furnishing of sworn proofs of loss was waived by the defendant. There is evidence that the Company knew all about the loss even before Fields did; that an adjuster representing the In-

surance Company came to the scene of the fire, but when he thought he had found that there had been a change of the title of the property he did nothing further. There is evidence that Fields had numerous conversations with the local agent of the Company, who led him to believe that a settlement would soon be made; that no demand whatever was made for formal proof of loss; that Fields and his attorneys wrote a number of letters to the Company demanding a settlement. There was evidence from which it could be reasonably inferred that the Insurance Company through its agents did not intend to insist upon compliance with the requirements of the policy for sworn proofs of loss; and that their words and conduct constituted an implied waiver. This question is not directly raised by any assignment of error but is here treated and disposed of as it could be considered under the third and fourth assignments of error.

The sixth assignment of error is that no recovery should be allowed because the policy was issued to Kassem and Shaheen without their knowledge or consent.

There is no merit in this proposition. A lien holder has an insurable interest in the property and it makes no difference whether the owners of the property know of or consent to the issuance of the policy. However, there is evidence that Kassem and Shaheen did know of the policy, that notices of premiums were sent to them and that Fields only paid them after their default.

The seventh assignment is that the Court erred in allowing Fields to recover because he admitted that he had failed to comply with the requirements, stipulations and conditions of the policy.

No citations to the transcript are given under this very general and indefinite assignment of error. It has been substantially treated and disposed of in the preceding part of this opinion.

The last assignment is that the Court erred in instructing the jury that if it found in favor of the plaintiff he would be entitled to interest from the date of the fire, and that if the Company had notice and refused to pay, without good reason, then the jury would be authorized to add an additional sum of 25% of the face of the policy, or such sum as the plaintiff might have been caused to expend.

Interest was allowed only from the end of sixty days from the date of the fire, so that no question can be made here as to the correctness of the allowance of interest, if there is liability under the policy. It is insisted that the Insurance Company had a legal excuse to refuse payment without litigation; that the adjuster had found that Fields had foreclosed his vendor's lien without notice to the Insurance Company, and that said property had been sold

to David Solomon; title to the property having changed without knowledge of the Insurance Company.

Mr. Fields testified that as a result of the refusal to pay this claim and his having to bring this suit he had been put to an additional cost, loss of time, etc.

The jury could infer from all the evidence that had the adjuster made a thorough investigation he would have found that there was really no change of title, and that if there was a change of title Mr. Fields did not actually know of it. The statute provides for a penalty where the refusal to pay the loss was not in good faith. We do not feel inclined to disturb the verdict of the jury in its inclusion of the penalty. The plaintiff Fields appears to have dealt in good faith at all times and to have relied upon his protection under the loss payable clause in the policy; and the Insurance Company was obligated to pay him to the extent of his debt, provided it was not more than the amount of the policy. The refusal to pay was not warranted by the facts shown; that is, the jury could reasonably so conclude. The evidence is meager as to the extent of the expense incurred by Mr. Fields as a result of the refusal to pay, but we may look to this record and conclude that a fee of $250 to counsel for plaintiff for their services in this cause would be reasonable. This we do under the authority of Edington v. Insurance Company, 134 Tenn., 198, 183 S. W., 728; and Bockman v. Mutual Health B. and A. Association, 7 Tenn. App., 618.

There was material evidence from which it could be inferred that there was no real reason or excuse for the refusal to pay this loss. The Company has interposed technical objections to making payment. It refused to answer letters and delayed the disposition of the matter. The question of its bad faith has been properly submitted to the jury and we are unable to say that there was not evidence upon which the jury could base its conclusion.

It results that all of the assignments of error are overruled. The judgment of the Circuit Court is affirmed. A judgment will be entered in this Court in favor of the plaintiff below E. A. Fields against the defendant Philadelphia Fire & Marine Insurance Company and the surety on its appeal bond for the sum of $1310, with interest from March 24, 1930, the date of the judgment in the court below, and all costs of this cause.

Faw, P. J., and Hickerson, Sp. J., concur.