GLEN Z. WATTENBARGER *et al. v.* J. R. TULLOCK *et al.*

(*Knoxville*, September Term (May Session) 1954.)

Opinion filed June 10, 1955.

CHARLES C. GUINN, of Etowah, for appellants.

FRANK N. BRATTON, of Athens, for appellee.

See also 197 Tenn. 279, 271 S. W. (2d) 628.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The Chancellor found in favor of the defendant First National Bank of Athens.

The questions presented are principally the application of certain fire insurance money and money derived from the sale of timber.

The record discloses that on September 12, 1951, one Wattenbarger and wife sold the tracts of land in question to defendants Tullock and wife. As a part of the transaction Tullock and wife executed a trust deed to the First National Bank of Athens to secure a note of $7,000, and the same date Tullock and wife executed another trust deed to the said bank for the sum of $8,000, secured by certain personal property. On the date of the execution of the deed and trust deed Tullock and wife procured fire insurance on a dwelling house and other buildings

on the mortgaged property, loss clause payable to the First National Bank of Athens.

Later the dwelling on said mortgaged premises was destroyed by fire, and with the consent of the Tullocks the bank applied the fire insurance money on the personal property note. It also appears that some timber was sold from the premises and the proceeds for this was applied to the chattel mortgage. It might be said here so far as the timber money concerned, this timber was sold before the execution of the second mortgage to the Wattenbargers.

Now, as to the insurance money collected and applied by the bank on its chattel mortgage, we are of the opinion this was a personal matter between the Tullocks and the bank, and that Wattenbargers had no legal right to complain that the bank applied this money on the chattel mortgage.

The complainants rely on the case of *Philadelphia Fire & Marine Ins. Co.* v. *Fields,* 13 Tenn. App. 485, in their contention there was a misapplication of the fire insurance money. However, the case cited simply held that the payment by an insurance company to a mortgagee or other lienor operates pro tanto as a satisfaction of the lien debt. This case does not hold that the mortgagee and mortgagor are precluded from agreeing with respect to the application of the proceeds of insurance paid after a loss.

Counsel for the defendant bank states in his brief that he has been unable to find any Tennessee cases on question of the application of the proceeds from the fire insurance policy, all cases cited being from foreign jurisdictions.

In *King* v. *Lancaster County Mutual Insurance Company,* 45 Pa. Super. 464, it was held that indemnity to the

mortgagee in the event of loss is the essence of a contract of insurance, and the undertaking is personal to the insured.

In *Newark Fire Ins. Co.* v. *Turk,* 3 Cir., 6 F. (2d) 533, 535, 43 A. L. R. 496, it said:

"It is equally true that the mortgagee clause of a policy, providing for payment of indemnity to the mortgagee in the event of loss, is not an assignment of the policy, yet that clause creates a separate and distinct agreement between the insurer and the mortgagee, binding even after the insured owner has alienated his property."

█ It seems to be a general rule that an insurance policy is a contract of indemnity and one who is not a party thereto can have no lawful claim on the amount realized by the insured under the contract. Citing *Board of Education of Raleigh County, W. Va.* v. *Winding Gulf Collieries,* 4 Cir., 152 F. (2d) 382.

In *Gordon* v. *Ware Sav. Bank,* 115 Mass. 588, it said:

"The insurance was for indemnity to the mortgagor as well as to the mortgagee. To the mortgagee, it was for protection of the security, not for payment of the debt. It was collateral to the debt."

In *Sherman* v. *Foster,* 158 N. Y. 587, 53 N. E. 504, a judgment creditor of the mortgagor, who had a lien upon the real property, inferior to a mortgage, was held not to be entitled to have the mortgagee charge the amount of insurance payments, received by the mortgagor and paid by his consent on other debts.

█ The defendants insist here that the Tullocks and the bank could apply the proceeds received after a fire on the premises covered by the first deed of trust, to any debt the Tullocks saw fit. This is true in view of the fact that the Wattenbargers, as second mortgagees, failed to

insert in the deed of trust, made to secure them, the provision that the premises would be insured for any specified amount.

In American Jur. Vol. 36, Section 331, it is said, quoting the General Rule:

"In this respect, a mortgagee in possession of the proceeds of an insurance policy which must be applied to the payment of the mortgage debt, stands in the relation of a Trustee for the mortgagor. In such case, the mortgagee may not, without the consent of the mortgagor, apply the proceeds of the policy to any debt other than that secured by the mortgage. It is the general rule, however, that the application of the proceeds of an insurance policy on mortgaged property to something other than the satisfaction of the mortgage debt may be controlled by agreement between the mortgagor and mortgagee, and that objection thereto may not be made by other secured or unsecured creditors of the mortgagor." Citing *Kirkland v. Arnold,* 178 Ala. 227, 59 So. 162.

The Wattenbargers did not see proper to protect themselves by a policy of insurance, and they cannot expect to receive the benefit of a contract to which they were not parties.

 We have considered the question of attorneys fee allowed the attorney for the defendant bank, and we are of the opinion that the Chancellor was correct in allowing this attorney fee.

We have considered all of the assignments of error and find them without merit and they are overruled. The decree of the Chancellor is affirmed.