W. Thomas Greer, Jr. et al., Complainants,

*v.*

American Security Insurance Company, Defendant.

445 S.W.2d 904.

(*Nashville,* December Term, 1968.)

Opinion filed October 10, 1969.

MILLARD V. OAKLEY, Livingston, for complainants.

NEAL & CRAVEN, Jamestown, for defendant.

JOHN E. APPMAN, Jamestown, for intervenor.

MR. JUSTICE CRESON delivered the opinion of the Court.

This appeal comes from the Chancery Court of Fentress County. That court denied the intervening petition of Fentress Farmers Cooperative to become a party to

the original cause in order to assert an equitable lien on insurance proceeds by virtue of the facts and circumstances alleged in the petition.

The parties will be referred to herein as they appeared in the trial court; that is, Fentress Farmers Cooperative as intervening petitioner; W. Thomas Greer, Jr., et al., as complainants, and American Security Insurance Company as defendant.

On October 25, 1966, the complainants filed an original bill in Chancery Court of Fentress County, Tennessee. The original bill sought recovery under a fire insurance policy for alleged loss and damage to buildings and personal property.

On November 28, 1966, American Security Insurance Company filed a plea in abatement alleging that the suit was premature since proof of loss had not been made until on or after November 7, 1966; and that an election had been made by the company to rebuild or replace the damaged property, as provided in the policy.

On January 9, 1967, complainants filed an amendment to the original bill, alleging that the defendant had waived the provisions of the policy providing for (1) the filing of proof of loss and (2) the election to restore, rebuild or repair.

On January 12, 1967, Fentress Farmers Cooperative filed an intervening petition seeking to become a party to this cause in order to impress a lien upon one-half of the proceeds of the policy sued upon. The theory upon which Fentress Farmers Cooperative sought to intervene was that it had acquired a second deed of trust on seven tracts of land as security for two promissory notes. The trust

deed contained a clause, not entirely completed, reading as follows:

> "And *we* agree to keep all the buildings on said property insured in some reliable fire insurance company or companies for the sum of $...... until the sum herein secured is fully paid, and to have the loss made payable on the policy to said trustee for the benefit of the owners and holders of the debt herein secured."

Pursuant to provisions contained in the deed of trust, partial release has heretofore been executed for tracts 1 and 2.

On October 21, 1966, the trustee sold tracts 5, 6 and 7, described in said deed of trust. After applying the proceeds of the sale, there remains a balance owing to Fentress Farmers Cooperative of $22,866.43, which is now secured only by the remaining two tracts of land in which the complainants hold an undivided one-half interest. It was further averred that these two tracts of land were incumbered by a first deed of trust securing a note in favor of Cookeville Production Credit Association, in the amount of $3,020.00, by a lien in favor of Potter's Shopping Center of approximately $3,000.00, and by a Federal tax lien of approximately $5,000.00. It was alleged that the value of this one-half interest of the complainants is not sufficient to discharge the indebtedness of Fentress Farmers Cooperative, and that they will suffer an irreparable injury if an equitable lien is not impressed upon a one-half interest in the proceeds of the insurance policy.

Fentress concedes that such lien would be subject to the rights of Cookeville Production Credit Association under their first deed of trust.

On February 14, 1967, complainants filed a motion to dismiss the intervening petition on the ground (1) that the intervening petitioner was not a party to the original contract sued upon, and thus was a stranger to the suit, and (2) that the intervening petition sought to assert a lien where none existed.

After the conclusion of arguments to the court regard- ing the motion to dismiss the intervening petition, but prior to a decision by the court, complainants' attorney moved the court for a "voluntary nonsuit with full prejudice." The court granted the "voluntary nonsuit" and dismissed the intervening petition.

The intervening petitioner perfected an appeal to this Court, raising the question as to whether or not the Chancellor erred in granting the complainants' motion for a "nonsuit".

On November 3, 1967, this Court rendered an opinion holding that a motion for a nonsuit was unknown to the forms of chancery; and remanded the case to the Chancery Court of Fentress County to rule on whether Fentress Farmers Cooperative was entitled to the status of an intervening petitioner.

On August 16, 1968, the Chancellor filed a memorandum opinion holding that Fentress Farmers Cooperative is not entitled to intervene. A petition to rehear was filed by the intervening petitioner on the theory that the court erred in ruling that the intervening petitioner had to be a named party to the insurance contract before it could impress an equitable lien upon the proceeds of the insurance policy. It was also contended that the Chancellor erred in holding that the case of *Wattenbarger v. Tullock* (1955), 198 Tenn. 402, 280 S.W.2d 925, was determinative of this case.

On March 24, 1969, the petition to rehear was overruled. An appeal was prayed and ultimately perfected to this Court on the basis that appellate jurisdiction fell within the ambit of T.C.A. sec. 16-408, which excepts from the jurisdiction of the Court of Appeals cases which have been finally determined in the lower court on demurrer or other method not involving a review or determination of the facts.

The intervening petitioner's assignment of error is as follows:

"The Chancellor erred in sustaining the defendant's motion to dismiss the intervening petition and in holding that the appellant, Fentress Farmers Cooperative, was not entitled to intervene in the case."

It is obvious that this assignment of error makes no serious effort at full compliance with the rules of this Court in this connection. Nevertheless, we will discuss what appears to be the pivotal issue in this case.

The essence of intervening petitioner's brief and argument is that if a mortgagor is bound by covenant or otherwise to insure mortgaged premises for the benefit of the mortgagee, the latter may impose an equitable lien upon the proceeds of a policy. As a general rule an equitable lien may arise from a contract based upon a valuable consideration, but in those cases where the instrument purporting to create such a lien is incomplete, or otherwise falls short of actual creation, a court of equity will implement the intent of the contracting parties. In support of his argument, intervening petitioner cites Vol. 53 C.J.S. Liens sec. 4, p. 841. Intervening petitioner further contends that it may properly intervene under the authority of T.C.A. sec. 20-116.

██ An equitable lien is a right, not recognized at law, to have a fund or specific property, or its proceeds, applied in whole or in part to the payment of a particular debt. It is not an estate or property in the thing itself, nor is it a right to recover the thing; that is, it is not a right which may be made the basis of a possessory action, but is merely a charge upon it. Vol. 33 Am.Jur., p. 427 (Liens—sec. 18). See also *Allen v. Cunningham* (1919), 143 Tenn. 11, 223 S.W. 450; *Milam v. Milam* (1917), 138 Tenn. 686, 200 S.W. 826.

All parties to this action concede that an equitable lien on the proceeds of an insurance policy may be created by an express contract to that effect. In this case, it is argued that such a contract was not legalistically perfected or completed by reason of the failure to specify the amount of insurance coverage that was required; however, in *Milam v. Milam,* supra, this Court has previously spoken on this situation, as follows:

" 'Even in the absence of an express contract, a lien, based upon the fundamental maxims of equity, may be implied and declared by a court of chancery out of general considerations of right and justice as applied to the relations of the parties and the circumstances of their dealings.' 17 R.C.L., p. 605; 3 Pomeroy, Eq. Jurisp., sections 1237, 1239; *Westall v. Wood,* 212 Mass. 540, 99 N.E. 325.

There must be an intent to make the particular property, real or personal, a security for the obligation; but, that intent being clear, equity will treat an agreement to give a mortgage or lien, as effective to create an equitable lien, where money has been parted with on faith that there would be a compliance." *Milam v. Milam,* supra, pp. 691, 692, 200 S.W. p. 828.

■■ Thus it is apparent that, even in the absence of an express contract, an equitable lien may be created by implication, based upon the intention and circumstances of the parties. An equitable lien cannot, however, be based merely upon moral obligations alone, but must find a basis in established equitable principles. *Stansell v. Roach* (1922), 147 Tenn. 183, 246 S.W. 520, 29 A.L.R. 143.

■ It is our opinion that it cannot be said on the pleadings in this case alone, as a matter of law, that the intervening petitioner cannot assert an equitable lien if those facts alleged can be proved.

Complainants rely very heavily upon the opinion of this Court in *Wattenbarger v. Tullock,* supra. They argue that this case is directly in point and precludes assertion of an equitable lien in the present case. Upon critical examination of that opinion, it is quite apparent that the equitable lien doctrine is not even alluded to in that opinion.

It is equally clear (1) that no contention was made concerning existence or imposition of an equitable lien; and further, (2) there is no indication whatever in that case that the parties ever entertained any degree of intention that the Wattenbargers were to have the benefit of any insurance of any kind, or any proceeds thereof.

The intention of the parties in the present case seems to be abundantly clear, if the facts alleged in the petition are proved.

As to the right of Fentress Farmers Cooperative to become a party to the instant cause so as to assert its alleged equitable lien, it is pertinent to note Gibson's Suits in Chancery, 5th Ed., sec. 809. There it is stated that, as a general rule, no person can be heard in refer-

ence to a cause unless he is a party to the suit. That text points out, however, that certain persons, who while not made parties to the original pleadings, will be granted leave by the court to become parties. It follows that the decree of the Chancellor, dismissing the petition to intervene, is reversed, and the cause remanded to permit petitioner to become a party and proceed in due course of equity.

Costs of the cause arising since the former appeal, to date, are assessed against W. Thomas Greer, Jr., et al.

DYER, CHIEF JUSTICE, and CHATTIN, HUMPHREYS and McCANLESS, JUSTICES, concur.