IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 13, 2018 Session

**IN RE ESTATE OF KAREN KLYCE SMITH**

**Appeal from the Probate Court for Shelby County
No. D-12848 Karen D. Webster, Judge**

_____

**No. W2017-02035-COA-R3-CV**

_____

Decedent died intestate leaving her mother, Esther Pearson, as her sole heir. Appellant is Decedent's sister and Ms. Pearson's daughter. Appellant appeals the trial court's determination that the Disclaimer Ms. Pearson signed was ineffective. Appellant also appeals the trial court's denial of her Motion to Intervene. Discerning no error, we affirm and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court
Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Edward T. Autry, Memphis, Tennessee, for the appellant, Virginia Klyce Minervini.

Irma Merrill Stratton, Memphis, Tennessee, for the appellees, Walter Brigham Klyce, Jr. and Esther Klyce Pearson.

**OPINION**

**I. Background**

On August 13, 2011, Karen Klyce Smith ("Decedent") died intestate; she had no spouse and no children. Decedent was survived by her mother, Esther Pearson, her brother, Appellee Walter B. Klyce, Jr., and her sisters, Virginia Minervini ("Appellant") and Meriweather Klyce.[1] Decedent's estate was worth approximately $3.2 million. Because Decedent died intestate without a spouse or children, her mother, Ms. Pearson, was the sole heir of the estate.

_____

[1] Meriweather Klyce died on October 28, 2014 leaving her only child, Robert Stone, as sole heir. This Opinion will refer to Ms. Klyce's estate as simply, "Ms. Klyce."

On November 1, 2011, the Shelby County Probate Court ("trial court") named Mr. Klyce as Administrator ("Administrator") of Decedent's estate. By letter of December 30, 2011, Administrator gave notice of the opening of the estate to Ms. Minervini and Ms. Klyce. No creditor claims were filed against the estate, and no claim was filed by any person alleging that he or she was an heir to the estate. In April of 2013, Administrator made a partial distribution of estate assets to Ms. Pearson in the amount of $1,322,000.00. Ms. Pearson accepted this distribution from the estate.

On June 29, 2013, months after receiving her partial distribution, Ms. Pearson signed a "Notice of Disclaimer" ("Disclaimer"). The Disclaimer stated that it was Ms. Pearson's intent to disclaim any and all interest in the assets of Decedent's estate. Further, the Disclaimer explained that the disclaimant understood that the estate's assets disclaimed would pass in equal shares to Mr. Klyce, Ms. Klyce, and Ms. Minervini. On July 1, 2013, the Disclaimer was filed in the trial court; however, it is unclear who filed the Disclaimer.

On July 3, 2013, Ms. Pearson signed an affidavit wherein she acknowledged that she signed the Disclaimer. The affidavit stated that she "signed the [Disclaimer] in the interest of family harmony, but [she] signed it without reading all of it." Further, Ms. Pearson's affidavit stated that she did not wish to disclaim her interest in Decedent's estate and did not wish to return the partial distribution. Ms. Pearson's affidavit was filed on July 11, 2013, the same day Administrator filed the "Rejection of 'Disclaimer' Filed by Counsel For Virginia Minervini" ("Rejection"). The Rejection asserted, *inter alia*, that the Disclaimer was invalid because it did not comply with Tennessee Code Annotated section 31-1-103. Specifically, Administrator asserted that he did not receive the Disclaimer within nine months of Decedent's death, nor was it filed with the trial court within nine months of Decedent's death. Further, the Rejection asserted that the Disclaimer was ineffective because Ms. Pearson had already accepted a distribution from the estate. Finally, the Rejection asserted that the Disclaimer was invalid because it was not filed by Ms. Pearson or anyone on her behalf, but was filed by counsel for Ms. Minervini, who would benefit from the purported disclaimer.

In March 2014, Administrator filed the accounting for 2013 and sent a copy of same to Ms. Minervini's counsel. The accounting showed a total distribution of $1,457,000.00 to Ms. Pearson in the calendar year 2013. On October 8, 2015, Ms. Pearson signed a receipt acknowledging that she had received all of Decedent's estate. On March 16, 2016, Administrator filed a Petition to Close the Estate explaining that, *inter alia*, no claims were made against the estate, and that he had properly distributed the estate in accordance with the law of intestate succession.

It is unclear exactly what occurred next. However, we deduce from the record that the parties agreed to hold a hearing to determine the validity or effect of the Disclaimer.

This hearing was continued for several months. During the continuance, the parties engaged in discovery and attempted to mediate their dispute. During this time, Ms. Minervini filed four additional motions: (1) "Motion to Strike Affidavit Filed by Esther Klyce Pearson;" (2) "Motion to Strike Rejection of 'Disclaimer' Filed by Counsel for Virginia Minervini;" (3) Motion for Summary Judgment; and (4) "Motion to Recover Mediator Fees Paid and Out-of-Pocket Expenses Incurred by Virginia Klyce Minervini."

On January 13, 2017, Administrator filed a motion noting his objection to the trial court considering matters asserted by Ms. Minervini, a non-party. Specifically, Administrator objected to the trial court entertaining Ms. Minervini's motions, *supra*, because she had not sought the trial court's permission to intervene. On March 3, 2017, Ms. Minervini filed a Motion to Intervene. By order of September 13, 2017, the trial court: (1) found that Ms. Minervini had standing to pursue judicial relief regarding the Disclaimer; (2) concluded that the Disclaimer was defective on its face and ineffective; (3) concluded that, even if the Disclaimer was valid, Ms. Pearson's affidavit retracting the Disclaimer cancelled the Disclaimer; and (4) Ms. Minervini's Motion to Intervene was untimely and, therefore, denied. Ms. Minervini appeals.

## II. Issues

Ms. Minervini raises three issues for review, which we restate as follows:

1. Whether the trial court erred when it determined the Disclaimer was defective on its face and ineffective.

2. Whether the trial court erred in denying Ms. Minervini's Motion to Intervene as untimely.

3. Whether the trial court erred when it disregarded Ms. Minervini's other pending motions.

## III. Standard of Review

"We review a non-jury case *de novo* upon the record with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise." *Tennessee Farmers Mut. Ins. Co. v. Debruce*, No. E2017-02078-COA-R3-CV, 2018 WL 3773912, at *3 (Tenn. Ct. App. Aug. 9, 2018) (citing Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000)). To the extent that the determination of the issues rests on statutory construction, they present questions of law, which we review *de novo*. *Riad v. Erie Ins. Exch.*, 436 S.W.3d 256, 272 (Tenn. Ct. App. 2013) (citing *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009) (citing *Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 802 (Tenn. 2000))); *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)). The trial court's conclusions of law are

reviewed *de novo* and "are accorded no presumption of correctness." ***Brunswick Acceptance Co., LLC v. MEJ, LLC***, 292 S.W.3d 638, 642 (Tenn. 2008).

There are two applicable standards of review for motions to intervene. In ***State v. Brown & Williamson Tobacco Corp.***, 18 S.W.3d 186 (Tenn. 2000), the Supreme Court explained both:

> The standard of review on appeal for the denial of intervention as of right is de novo, except for the timeliness of the application which is reviewed under an abuse of discretion standard. ***Michigan State AFL-CIO v. Miller***, 103 F.3d 1240, 1245 (6th Cir. 1997). The standard of review for the denial of permissive intervention is abuse of discretion. ***Chaille v. Warren***, 635 S.W.2d 700, 703 (Tenn. App. 1982). An abuse of discretion exists when the reviewing court is firmly convinced that the lower court has made a mistake in that it affirmatively appears that the lower court's decision has no basis in law or in fact and is therefore arbitrary, illogical, or unconscionable. *See* ***Ballard v. Herzke***, 924 S.W.2d 652, 661 (Tenn.1996); ***State v. Carter***, 890 S.W.2d 449, 454 (Tenn. Crim. App. 1994).

***Brown & Williamson Tobacco Corp.***, 18 S.W.3d at 191.

## IV. Analysis

### A. Validity of Disclaimer

Ms. Minervini appeals the trial court's determination that Ms. Pearson's Disclaimer was invalid. In order to disclaim an interest in property, a disclaimant must comply with Tennessee Code Annotated section 31-1-103, to-wit:

> (a) A person who is:
>
>                                       ***
>
>     (2) A recipient of property from a decedent's estate;
>
>                                         ***
>
> may disclaim all or part of the property . . . as provided in this section. The disclaimer may be made by the person's personal representative, trustee, guardian, conservator, attorney in fact or parent having custody if the disclaimant is a minor and no legal guardian has been appointed. . . .
>
> (b) To be effective the disclaimer must be an irrevocable and unqualified refusal by a person to accept an interest in property or to retain fiduciary

- 4 -

powers but only if:

(1) The refusal is in writing, which writing shall:

(A) Describe the property or part of the property or interest in property or powers disclaimed;

(B) Be signed by the person disclaiming or that person's representative; and

(C) Declare the disclaimer and the extent of the disclaimer.

(2)(A) Except as provided in subdivision (b)(2)(B), the writing is received by the transferor of the interest, the transferor's legal representative, . . . and, if the disclaimer involves an interest in a decedent's estate, with the court in which the decedent's estate proceedings are or would be pending not later than the date which is nine (9) months after the later of:

(i) The date on which the transfer creating the interest or power in the person is made;

***

(3) The person has not accepted the interest or any of its benefits or exercised the power . . . .

Tenn. Code Ann. § 31-1-103.

In its order, the trial court found:

Both the interest in the Decedent's estate and the power to disclaim transferred to the sole heir, Esther Pearson, on the Deceased's date of death, which was August 13, 2011. According to [Tennessee Code Annotated section 31-1-103], the disclaimer should have been filed in this case no later than nine (9) months after the Deceased's date of death, which would have been May 12, 2012. This [c]ourt finds that the Disclaimer was filed July 1, 2013, well beyond the deadline set by the statute. Thus, it is concluded that the Disclaimer is defective on its face and ineffective, without having to determine whether the language therein meets the requirements under the statute. As a result, Esther Pearson remains the sole beneficiary of the Deceased's Estate.

We agree that the Disclaimer was not timely filed. Turning to the record, the "date [of] the transfer creating [Ms. Pearson's] interest" was August 13, 2011, the day Decedent died. To be valid, Ms. Pearson would have had to file her Disclaimer no later than May 12, 2012. Instead, the Disclaimer was filed on July 1, 2013, well over nine months from the date the interest was created. Although Ms. Minervini acknowledges that the Disclaimer was not timely filed, she argues that the nine month rule is not mandatory and notes that the trial court "did not cite any supportive case law" stating that it is mandatory. The trial court did not cite supportive Tennessee case law on this point because it does not yet exist. However, cases concerning similar noncompliance with other aspects of the disclaimer statute demonstrate that the statutory requirements are mandatory. For example, in ***United States v. Buaiz***, No. 3:07-CV-83, 2011 WL 3608585 (E.D. Tenn. Aug. 16, 2011), two siblings attempted to disclaim their interest in real property which was subject to a federal tax lien. ***Id.***, at *4. For a disclaimer in real property to be valid in Tennessee, it must be filed with the county registrar's office where the property is located and "with the court in which the decedent's estate proceedings . . . are pending . . . ." Tenn. Code Ann. § 31-1-103(b)(2)(A). In applying the Tennessee statute, the District Court found that, because the siblings filed the disclaimer only with the registrar's office, and failed to file the disclaimer with the court in which the estate case was pending, the disclaimer was ineffective. ***Buaiz***, 2011 WL 3608585, at *4. Similarly, in this case, filing the Disclaimer more than nine months after Decedent's death is in contravention of the statute. Thus, the Disclaimer is ineffective.

Furthermore, because the creditor statutes and the disclaimer statute contain similar timing requirements, we find guidance in cases addressing the Tennessee creditor claims statutes. Creditors wanting to file a claim against an estate must do so within the time prescribed by the statutes; similarly, persons wishing to disclaim property from an estate must also do so within the time prescribed by the statute. In Tennessee, there are "three statutes which govern the claims of creditors against a decedent's estate: Tennessee Code Annotated sections 30-2-306, 30-2-307, and 30-2-310." ***In re Estate of Tanner***, 295 S.W.3d at 617. Importantly, Tennessee Code Annotated section 30-2-307(a)(1) states that "[a]ll claims against the estate arising from a debt of the decedent shall be barred unless filed within the period prescribed in the notice published or posted in accordance with § 30-2-306(b)." Tenn. Code Ann. § 30-2-307(a)(1). Further, Tennessee Code Annotated section 30-2-310 advises that "[a]ll claims and demands not filed with the probate court clerk . . . before the end of twelve (12) months from the date of death of the decedent, shall be forever barred." Tenn. Code Ann. § 30-2-310. We have explained that "claims not filed within twelve months of the decedent's death are barred." ***In re Estate of Snapp***, No. E2009-00551-COA-R3-CV, 2010 WL 1924017, at *4 (Tenn. Ct. App. May 13, 2010) (*citing **In re Estate of Bennett***, No. E2004-02007-COA-R3-CV, 2005 WL 2333597, at *5 (Tenn. Ct. App. Sept. 23, 2005); ***In re Estate of Tanner***, 295 S.W.3d at 620). Similarly, persons wishing to disclaim an interest in an estate must do so within the nine month time period or the disclaimer is ineffective.

Like Tennessee, other jurisdictions require heirs to file disclaimers within a certain time period. For example, Oklahoma's disclaimer statute states:

> Such disclaimer shall be filed at any time after the creation of the interest, but in all events within nine (9) months after the death of the person by whom the interest was created or from whom it would have been received, or, if the disclaimant is not finally ascertained as a beneficiary or his interest has not become indefeasibly fixed both in quality and quantity as of the death of such person, then such disclaimer shall be filed not later than nine (9) months after the event which would cause him so to become finally ascertained and his interest to become indefeasibly fixed both in quality and quantity.

Okla. Stat. Ann. tit. 84, § 24. Oklahoma's statute is similar to the Tennessee statute in that both statutes require an heir to file her disclaimer within nine months of receiving an interest in an estate. In *Matter of Griffin's Estate*, 599 P.2d 402 (Okla. 1979), the Oklahoma Supreme Court explained that the disclaimer statute is mandatory. *Id.* at 405. Further, the Oklahoma Supreme Court held that "compliance with the filing requirements is a condition precedent to an effective disclaimer . . . ." *Id.* at 406; *see also In re Sanford*, 369 B.R. 609, 613 (B.A.P. 10th Cir. 2007) ("[A] disclaimer is only effective under Wyoming law if it meets several requirements, including that it be unqualified, irrevocable, and delivered to the testator's legal representative within nine months of death."); *Aceto v. Chaconis*, No. NNH-CV05-4013884, 2006 WL 618384, at *3 (Conn. Super. Ct. Feb. 21, 2006) ("When read as a whole, it is clear that the statute unambiguously provides that, if a copy of a disclaimer regarding real property is not recorded on the land records within the nine-month period, the disclaimer shall be ineffective against any person other than the disclaimant or the person on whose behalf such disclaimer is made."). Applying the reasoning in the foregoing cases, we hold that compliance with the filing requirements in Tennessee Code Annotated section 31-1-103 is a condition precedent to an effective disclaimer in Tennessee. Because Ms. Pearson's Disclaimer was not timely filed, it is not effective.

However, assuming *arguendo* that the Disclaimer was timely filed, the filing did not comply with Tennessee Code Annotated section 31-1-103. Specifically, the Tennessee Supreme Court has explained that "subsection (a) of [Tennessee Code Annotated section 31-1-103] indicates that the person who is renouncing his interest must be the one who files the instrument with the probate court." *Faught v. Estate of Faught*, 730 S.W.2d 323, 325 (Tenn. 1987). Although it is unclear who filed the Disclaimer, the record is clear that Mr. Ed Autry, Ms. Minervini's attorney, drafted it.[2] The record

---

[2] We note that counsel for the parties discussed whether Ms. Pearson filed the Disclaimer at oral argument. However, statements of counsel are not evidence, and we cannot consider them as such on

indicates that Mr. Autry drafted the Disclaimer based on representations made to him by his client, Ms. Minervini; however, he never met with Ms. Pearson to discuss the Disclaimer. The record also shows that Ms. Minervini delivered the Disclaimer to Ms. Pearson. Ms. Minervini later met with Ms. Pearson and a notary in a parking lot where Ms. Pearson signed the Disclaimer. The Disclaimer's Certificate of Service does not indicate who filed it, but it states that Mr. Autry "does hereby certify that a 'filed', signed copy of this Notice of Disclaimer was mailed . . . to Walter B. Klyce, Jr. . . . and Irma Merrill Stratton, Counsel for Walter B. Klyce, Jr. . . . on this 1ˢᵗ day of July, 2013." The record does not indicate whether Ms. Pearson, or her legal representative, filed the Disclaimer. As such, the Disclaimer does not comply with Tennessee Code Annotated section 31-1-103(a).

Moreover, the Disclaimer does not comply with the statute because Ms. Pearson accepted a partial distribution of the estate's assets two months before the Disclaimer was filed. This acceptance directly contradicts the statute, which explains that a disclaimer is only effective when "[t]he person [disclaiming the property] has not accepted the interest or any of its benefits . . . ." Tenn. Code Ann. § 31-1-103(b)(3). For these reasons, we conclude that the trial court correctly found that the Disclaimer was invalid and, thus, ineffective.

## B. Motion to Intervene

Ms. Minervini also appeals the trial court's denial of her Motion to Intervene. By her motion, Ms. Minervini sought intervention under Tennessee Rule of Civil Procedure 24.01 and 24.02.[3] Tennessee Rule of Civil Procedure 24.01 provides for intervention as of right in three circumstances:

Upon timely motion any person shall be permitted to intervene in an action:

(1) when a statute confers an unconditional right to intervene; or

(2) when the movant claims an interest relating to the property or transaction which is the subject of the action and the movant is so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest, unless the movant's interest is adequately represented by existing parties; or

---

appeal. *Trotter v. State*, 508 S.W.2d 808, 809 (Tenn. Crim. App. 1974) (holding that statements made by counsel during the course of a hearing, trial, or argument are not evidence).

[3] In her Motion to Intervene, Ms. Minervini pled in the alternative for permissive intervention, but she did not address this argument in her Memorandum of Law in Support of her motion or in her appellate brief. Therefore, we do not address whether Ms. Minervini should have been granted permission to intervene under Tennessee Rule of Civil Procedure 24.02.

(3) by stipulation of all the parties.

Tenn. R. Civ. P. 24.01. Additionally, a person seeking to intervene must also file a pleading with her motion to intervene:

> Any person desiring to intervene shall file and serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor[e] and **shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought**. The same procedure shall be followed when a statute gives a right to intervene.

Tenn. R. Civ. P. 24.03 (emphasis added). In ***Brown & Williamson Tobacco Corp.***, the Tennessee Supreme Court explained the intervenor's burden, to-wit:

> A party seeking to intervene as of right under Rule 24.01 must establish that (1) the application for intervention was timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the pending litigation; (3) the proposed intervenor's ability to protect that interest is impaired; and (4) the parties to the underlying suit cannot adequately represent the intervenor's interests. ***Grubbs v. Norris***, 870 F.2d 343, 345 (6th Cir. 1989). The intervenor has the burden of establishing all four of these elements or else the motion to intervene will be denied. ***Id.***

***Brown & Williamson Tobacco Corp.***, 18 S.W.3d at 190-91 (Tenn. 2000).

In ***American Materials Technologies, LLC v. City of Chattanooga***, 42 S.W.3d 914 (Tenn. Ct. App. 2000), this Court outlined the factors courts should consider in determining whether a motion for intervention is timely:

> The timeliness of an intervention is governed by equitable principles, and is determined by the facts and circumstances of each particular case. In determining whether an intervention is timely, courts consider the following factors:
>
> > (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervener knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervener's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of

intervention.

*Velsicol Chemical Corp. v. Enenco, Inc.*, 9 F.3d 524, 531 (6th Cir. 1993);
*Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1228 (6th Cir. 1984).

*Am. Materials Techs., LLC*, 42 S.W.3d at 916.

Ms. Minervini asserts that her Motion to Intervene was timely because, despite not being named a party and never filing a motion to intervene, the trial court and Administrator treated her as a party. She argues that the trial court exercised jurisdiction over her when it entered its Order on Sanctions against her. She also argues that Administrator "implicitly acquiesced" to her standing as a party, and he "waived his right to challenge [Ms. Minervini's] standing as a party . . . by repeatedly treating her as such." In her brief, Ms. Minervini further argues that her motion was timely because she filed it "within thirty-one days of the [trial court] first raising the issue of whether [she] had standing."

In its order denying the motion to intervene, the trial court found:

In support of Administrator's argument that the Motion to Intervene was not timely made, Administrator pointed out that the Decedent died August 13, 2011. Additionally, Administrator argued that the deadline for claims (Tenn. Code Ann. §§ 30-2-306-310) or assertion of heirship (See *Lanier v. Raines*, 229 S.W.3d 656 (Tenn. 2007) and *Bilbrey v. Smithers*, 937 S.W.2d 803 (Tenn. 1996)[)] was approximately August 13, 2012 and no such claim or assertion was filed. The disclaimer issues surfaced in 2013, as well as a partial distribution that was made and accounted for in a 2014 Accounting, which Virginia Klyce Minervini received a copy and did not file objections. Further, Administrator paid all taxes, distributed the balance of the estate to Esther Pearson, and in 2016 filed a Petition to Close the Deceased's Estate before Virginia Klyce Minervini filed her Motion to Intervene.

Although Movant offered facts to indicate the strained relationship between Movant and Administrator, Movant stressed the fact that she had been treated as a party to this matter at all times until the February 1, 2017 hearing, wherein her position regarding a person who could interfere with the administration was challenged. Prior to this time, Movant argued that throughout this matter she had been subject to discovery and civil procedure rules which only apply to parties. Movant argued that after the February 1, 2017 hearing, she filed her Motion to Intervene on March 3, 2017, making its filing timely.

- 10 -

Here, it is important to note that Administrator's treatment or regard for a party cannot confer any additional rights than those given by law. Thus, the Administrator's actions of providing copies of the Estate's Accounting to Movant or subjecting Movant to discovery and civil procedure rules did not confer upon Movant a right or permission to intervene.

Turning to the record, Ms. Minervini filed her Motion to Intervene on March 3, 2017. Decedent died on August 13, 2011. The trial court appointed Administrator on November 1, 2011, and Administrator gave notice of the opening of the estate to Ms. Minervini on December 30, 2011. No claims were made against the estate. In April 2013, Administrator made a partial distribution of $1,322,000.00 to Ms. Pearson. Ms. Minervini did not object to this distribution, nor did she file a motion to intervene. On March 10, 2014, Administrator filed an accounting that showed the distribution to Ms. Pearson. A copy of this accounting was sent to Ms. Minervini. Again, Ms. Minervini neither objected to the accounting nor filed a motion to intervene.[4] On March 16, 2016, Administrator filed a Petition to Close the Estate, wherein he reported that he had distributed the remainder of the estate to Ms. Pearson. It was around this time that Ms. Minervini first objected to how the estate was distributed and requested a hearing for the trial court to determine the validity of the Disclaimer. Still, Ms. Minervini did not file a motion to intervene. On January 13, 2017, Administrator filed a motion noting his objection to the trial court considering matters asserted by a non-party. Specifically, Administrator objected to the trial court entertaining motions Ms. Minervini filed because she had not sought the trial court's permission to intervene. It was not until March 3, 2017, over five years after Administrator gave notice of the estate's opening, that Ms. Minervini filed her Motion to Intervene.

Applying the ***American Materials*** factors, we conclude that the trial court did not abuse its discretion when it determined that Ms. Minervini's Motion to Intervene was untimely. First, the suit progressed almost to completion before Ms. Minervini lodged an objection to the distribution to Ms. Pearson. Administrator had distributed all property in the estate and was seeking to close the estate when Ms. Minervini asked the trial court to determine whether the Disclaimer was valid. Second, Ms. Minervini's purpose in intervening was to challenge whether Ms. Pearson was the sole heir of Decedent's estate. As discussed, *supra*, the Disclaimer was invalid, and Ms. Pearson was the sole heir of the estate. Therefore, Ms. Minervini was not entitled to any distribution from the estate. Third, in December of 2011, Ms. Minervini became aware that the estate was opened. Ms. Minervini was further aware that Ms. Pearson received half of the estate's assets in April of 2013. In July of 2013, Ms. Minervini was aware that Ms. Pearson did not intend

---

[4] Tennessee Code Annotated section 30-2-607 provides that "[a]ny person interested in the estate may except to the account within a thirty-day period after it has been stated by the clerk . . . ." Tenn. Code Ann. § 30-2-607.

to disclaim her right to estate assets. Despite this information, Ms. Minervini waited until March 2017 to file her Motion to Intervene. Furthermore, both Administrator and Ms. Pearson would be prejudiced by Ms. Minervini's intervention at this juncture. Administrator relied on the fact that no one filed a claim against the estate when he distributed all of the estate's assets. Moreover, Ms. Pearson relied on same in accepting the estate assets. Accordingly, to allow Ms. Minervini to intervene after all assets have been distributed would prejudice Administrator and Ms. Pearson. Finally, Ms. Minervini asserted that there were unusual circumstances in this case. She alleges that, because she was treated like a party, she was a party. However, she provides no relevant case law on this point.[5] To the contrary, the Supreme Court of the United States has explained:

> In general, "[a] 'party' to litigation is '[o]ne by or against whom a lawsuit is brought,'" *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933, 129 S.Ct. 2230, 2234, 173 L.Ed.2d 1255 (2009), or one who "become[s] a party by intervention, substitution, or third-party practice," *Karcher v. May*, 484 U.S. 72, 77, 108 S.Ct. 388, 98 L.Ed.2d 327 (1987).

*Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011).[6] Here, Ms. Minervini was not named in the lawsuit, nor had she intervened; she was not a party. "Generally, an applicant for intervention must show proper diligence, and the right to intervene may be lost by unreasonable delay or laches after knowledge of the suit." *Am. Materials Techs., LLC*, 42 S.W.3d at 916 (citing *EEOC v. United Air Lines, Inc.*, 515 F.2d 946 (7th Cir.1975) (holding that denial of intervention depends in part on time during which applicant knew of interest in case but failed to apply to intervene)). Ms. Minervini watched the case progress and did not intervene until the case was near conclusion. As a consequence, she lost her right to intervene. The trial court did not abuse its discretion in finding her motion to be untimely.

Assuming, *arguendo*, that Ms. Minervini's motion was timely, she still has not established that she has a right to intervene under Tennessee Rule of Civil Procedure 24.01. Ms. Minervini claims she has a right to intervene because the second and third elements of Tennessee Rule of Civil Procedure 24.01 apply to her. Specifically, she alleges that she is entitled to one-third of Decedent's estate because Ms. Pearson disclaimed her entire interest in the estate. Further, Ms. Minervini argues that

---

[5] In making this argument Ms. Minervini only cites to the Tennessee Rules of Civil Procedure that relate to discovery.

[6] *Black's Law Dictionary* defines "party" as: "One by or against whom a lawsuit is brought." *Black's Law Dictionary* 1297 (10th ed. 2014). "Intervention" is defined in *Black's Law Dictionary* as: "The entry into a lawsuit by a third party who, despite not being named a party to the action, has a personal stake in the outcome." *Black's Law Dictionary* 948 (10th ed. 2014) (citing Fed. R. Civ. P. 24). An additional definition for "intervention" provides: "The legal procedure by which such a third party is allowed to become a party to the litigation." *Id.*

Administrator cannot adequately represent her interest in the estate because he alleges that the disclaimer was invalid, and that Ms. Pearson is entitled to the entire estate. As discussed *supra*, because the Disclaimer was invalid, Ms. Minervini is not an heir to the estate, and she does not have a "substantial legal interest in the subject matter of the pending litigation." **Brown & Williamson Tobacco Corp.**, 18 S.W.3d at 190-91 (Tenn. 2000) (citing **Grubbs v. Norris**, 870 F.2d 343, 345 (6th Cir. 1989)).

Finally, Tennessee Rule of Civil Procedure 24.03 requires that a person seeking to intervene in a lawsuit, either as of right or permissively, file a pleading with her motion to intervene. Specifically, the rule requires that the motion "shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." Tenn. R. Civ. P. 24.03. *See also* **In re Estate of Brown**, No. M2005-00864-COA-R3-CV, 2006 WL 3071247, at *2 (Tenn. Ct. App. Oct. 27, 2006). Ms. Minervini never filed such pleading. For this and all of the above stated reasons, the trial court did not err in denying Ms. Minervini's Motion to Intervene.

## C. Ms. Minervini's Other Motions

At the time her Motion to Intervene was denied, Ms. Minervini had four other motions pending: (1) Motion to Strike Rejection of Disclaimer; (2) Motion to Strike Affidavit of Esther Pearson; (3) Motion for Summary Judgment; and (4) Motion to Recover Mediation Costs. When a motion to intervene is denied, "the movant's request to participate in the litigation is denied, and the movant never becomes a party to the original action." **Mfrs. Consolidation Serv., Inc. v. Rodell**, 42 S.W.3d 846, 867 (Tenn. Ct. App. 2000) (citing **Graham v. City of Anchorage**, 364 P.2d 57, 59 (Alaska 1961); **McGough v. Insurance Co. of N. Am.**, 691 P.2d 738, 742 (Ariz. Ct. App. 1984); **Wyatt v. R.D. Werner Co.**, 524 N.W.2d 579, 580 (N.D. 1994); **Ray v. Trapp**, 609 S.W.2d 508, 510 (Tenn. 1980); **Greer v. American Sec. Ins. Co.**, 445 S.W.2d 904, 905 (Tenn. 1969); **Goodman v. State**, 351 S.W.2d 399, 401 (Tenn. Ct. App. 1960)). Ms. Minervini never became a party to this litigation because the trial court denied her Motion to Intervene. Therefore, she is not entitled to be heard on her remaining motions. **Greer**, 445 S.W.2d at 907 ("[N]o person can be heard in reference to a cause unless he is a party to the suit."); *see also* **Mfrs. Consolidation Serv., Inc.**, 42 S.W.3d at 868 (finding that trial court effectively denied a motion to intervene, which resulted in "intervenor" never becoming a party and prevented him from asserting his claims).

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against Appellant, Virginia Minervini, and her surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE